## TRIUMPH ICE MACHINE COMPANY *et al. v.* SANDERSVILLE ICE COMPANY.

HILL, J.  1. The evidence authorized a finding that there were irregularities in the advertisement of sale, sufficient to avoid the sale if known to the purchaser, and that the purchaser (the plaintiff in fi. fa. and a non-resident corporation) had notice thereof.  This showing was sufficient to uphold the grant of an injunction to prevent removal or interference with the property until the validity of the sale could be finally determined.  See *Humphrey* v. *McGill,* 59 *Ga.* 649; *Conley* v. *Redwine,* 109 *Ga.* 640 (2), 642 (35 S. E. 92, 77 Am. St. R. 398).

2. However, the only prayer for injunction was that the defendants be "*permanently* enjoined from doing any of the acts herein complained of," etc.; and the order of the court granted the injunction as prayed.  Since the court has no power to grant a permanent injunction on an interlocutory hearing at chambers, direction is given that the order be so changed as to be operative only until final trial, or the further order of the court.  *Oostanaula Mining Co.* v. *Miller,* 145 *Ga.* 90 (88 S. E. 562).

*Judgment affirmed, with direction.  All the Justices concur.*

No. 457.  DECEMBER 14, 1917.

Injunction.  Before Judge Hardeman.  Washington superior court.  June 18, 1917.

*Evans & Evans,* for plaintiff in error.

*J. J. Harris* and *J. Hines Wood,* contra.