BURDINE *v.* BROOKS; *et vice versa.*

Nos. 16775, 16799, 16823.   OCTOBER 10, 1949.

*Thomas H. Crawford, Harris, Henson & Spence,* and *Charles A. Wofford,* for plaintiff in error.

*Wheeler, Robinson & Thurmond* and *William Butt,* contra.

WYATT, Justice. ■ Contracts in general restraint of trade are void. Code, § 20-504. But a contract regarding a lawful and useful business or profession in partial restraint of trade, and reasonably limited as to time and territory, and not otherwise

unreasonable, is not void. *Rakestraw* v. *Lanier,* 104 *Ga.* 188 (30 S. E. 735); *Hood* v. *Legg,* 160 *Ga.* 620, 627 (128 S. E. 891); *Strauss* v. *Phillips,* 180 *Ga.* 641 (180 S. E. 123); *Kutash* v. *Gluckman,* 193 *Ga.* 805 (20 S. E. 2d, 128).

"A distinction exists between that class of contracts binding one to desist from the practice of a learned profession, and those which bind one who has sold out a mercantile or other kind of business, and the good will therewith connected, not to again engage in that business. In the former class there should be a reasonable limit as to time, so as to prevent the contract from operating with unnecessary harshness against the person who is to abstain from practicing his profession at a time when his so doing could in no way benefit the other contracting party. In the latter class such limit is not essential to the validity of the contract, but the restraint may be indefinite." *Rakestraw* v. *Lanier,* supra.

In the *Rakestraw* case, a contract growing out of the formation of a medical partnership was under consideration; and in that case one partner covenanted with the other that, in the event of a dissolution of the partnership, he would not "locate or engage in the practice of medicine, surgery or obstetrics at said town of Oliver, or at any place within a fifteen miles radius from the drugstore of said Lanier, unless he shall have first obtained the written consent of said Lanier." The court held that the contract was limited as to space, and was therefore in partial restraint of trade, but further held that the contract was void because unlimited as to time, stating: "The restrictions imposed upon the promisor in this contract were larger than were necessary for the protection of the promisee. Full protection would have been afforded to the latter if the time in which the restraint should apply had been limited to the life of the defendant in error, or to the time in which he was engaged in the practice of his profession in the county of Screven. Had this contract been so limited, it is obvious, from the view which we take of the law, that it could be upheld and would be enforced."

The contract here under consideration contains a limitation as to both time and space. Unquestionably, it is reasonable as to its space limitations, being limited to one county of this State. After mature deliberation, we are of the opinion that it is also

reasonable as to its time limitations. While it prohibits the promisor from maintaining a clinic, hospital, or'office in Fannin County for a term of ten years, it yet permits him, from an office outside the county, to practice medicine within the county by making house calls on patients in the county. It does not, therefore, purport to entirely prohibit him from practicing his profession within the territorial limitations embraced in the contract.

While the argument of counsel for the plaintiff in error—to the effect that contracts of this nature between physicians tend to the public detriment, in that there is an urgent need of doctors to alleviate the pain and suffering of the public — presents a forceful reason for condemning the action of physicians in entering into such a contract, nevertheless this court is without authority to abrogate such a contract, if its terms be reasonable. The right to enter into such a contract has long been recognized by this court; and, so long as the contract meets the tests laid down by this court, as fully set forth ·in *Rakestraw* v. *Lanier,* supra, this court must hold the contract valid. Whether the restraints imposed by such a contract are reasonable is a question of law for determination by the court. *Rakestraw* v. *Lanier,* supra; *Hood* v. *Legg,* supra.

Although the allegations of the petition reveal that the physical properties, that is, the land and the hospital located thereon, were in the name of the brother of the defendant, and were purchased from him, the allegations further reveal that the defendant and his brother were engaged in the practice of medicine together at the hospital, and both negotiated ˋwith the plaintiff for the sale of their business, and both agreed to sell, and did sell, at the same time and place, their business and good will (there being included in the sale an operating table owned by both), and both executed written instruments at the same time, the defendant executing the agreement hereinbefore referred to, and his brother executing a deed to the real estate, containing a covenant similar to the one sued on. Accordingly, the fact that the real estate was not owned by the defendant does not render the contract made by him unenforceable. Compare *McAuliffe* v. *Vaughan,* 135 *Ga.* 852 (6) (70 S. E. 322, 33 L. R.

A. (N. S.) 255, 22 Ann. Cas. 1912A, 290); *Nelson* v. *Woods,* 205 *Ga.* 295 (53 S. E. 2d, 227). "On the question of consideration, if there be a legal consideration, this is sufficient. The court will not make a bargain for the parties, and equity will not refuse to enforce the restrictive covenants unless there be such gross inadequacy of consideration as to shock the conscience and amount in itself to evidence of fraud." *Shirk* v. *Loftis Bros. & Co.,* 148 *Ga.* 500, 505 (97 S. E. 66); *Rakestraw* v. *Lanier,* supra.

In *Griffin* v. *Vandergriff,* 205 *Ga.* 288 (53 S. E. 2d, 345), this court decided, adversely to the contentions of the plaintiff in error, the question as to the validity of such contracts since the adoption of the Constitution of 1945.

The allegations of the petition were sufficient to set forth a cause of action, and the trial judge did not err in overruling the general demurrer.

■ Special demurrers were interposed to the petition, principally directed at the paragraphs relating to transactions with W. E. Burdine, the brother of the defendant. The demurrers raised the point that these matters are impertinent, immaterial, and prejudicial, and should be stricken. Although counsel for the plaintiff in error, in their brief, insist upon these grounds of special demurrer, they are not argued at length. We have carefully examined each ground of such demurrers, and in the light of the allegations in the petition showing that the entire transaction leading up to the execution of the contract sued on was between the plaintiff and both the defendant and his brother, we find no merit in these demurrers. The trial judge did not err in overruling these special grounds of demurrer.

■ On the trial of the case, the evidence clearly showed that the defendant was continuously, from day to day, violating the covenant contained in the contract executed by him, and the trial judge did not err in granting a temporary injunction.

*Judgment affirmed in case No. 16775; judgment affirmed on the main bill of exceptions in case No. 16799; cross-bill dismissed. All the Justices concur.*