20842. WAKE BROADCASTERS, INC. *v.* CRAWFORD.

HAWKINS, Justice. WAKE Broadcasters, Inc., filed a petition in Fulton Superior Court, on December 29, 1959, seeking a restraining order and an injunction against John E. Crawford, under a restrictive-covenant contract of employment executed September 4, 1959. Copy of the contract was attached to the petition as an exhibit. At the interlocutory hearing, the defendant made an oral motion to dismiss in the nature of a general demurrer, which, after argument of counsel, was sustained and the petition dismissed. The exception is to this judgment. The question here involved is the validity of the contract.

The contract is between WAKE Broadcasters, Inc., and John E. Crawford, but recites that the "Employer is subsidiary of Bartell Broadcasters, Inc., hereinafter referred to as the Bartell Group," and that "it is the intention of the parties hereto that any restrictive covenants as contained herein and as hereinafter set forth shall inure and be for the benefit of both the employer and the Bartell Group," and that "said employer is engaged in the radio broadcasting business in the City of Atlanta, Georgia, and the Bartell Group is engaged in the radio broadcasting business and the television broadcasting business within other cities and States in the United States, including the States of Wisconsin, Alabama, California, and New York," without giving the names of any cities in those States.

Numbered section 6 of the contract provides that "Said employee hereby further expressly covenants and agrees, and which covenant and agreement is of the essence of this contract, that at no time during the term of his employment, or for a period of eighteen (18) months immediately following the termination of his employment, regardless of whether said termination be voluntary or involuntary (but it being specifically provided that during any time that the employee shall be in violation of his covenant said time of violation shall be ex-

cluded from the eighteen month period) will he directly or indirectly accept employment from, or appear on, or become financially interested in any radio or television station whose station, offices or antenna is located within a radius of fifty (50) miles of the City of Atlanta, Fulton County, Georgia, or within a fifty (50) mile radius of any city in which the Bartell Group now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station and that within said period of time and within said territory the employee will not in any way, directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, partnership or corporation engage in any business competitive, directly or indirectly, to the business of the employer, or solicit, divert or take away any customer or client or prospective customer or client or any of the listening or viewing public of the employer or prospective listening or viewing public, nor will said employee disclose to any person, persons, partnership or corporation whomsoever any of the secrets, methods or systems used by the employer in or about the business of the employer."

Numbered section 7 of the contract provides that, "Should any portion of the restrictive covenants contained herein be ruled invalid or unenforceable as a matter of law, then the territory herein specified shall be limited to the territory which the court interpreting the contract considers to be reasonable, and this agreement shall not fail although any part or clause thereof shall be indefinite or invalid." *Held:*

1. As was said in *Carr* v. *Louisville & Nashville R. Co.*, 141 *Ga.* 219, 222 (80 S. E. 716), "The foundation of the suit being the contract, it must be a valid, subsisting contract between the parties thereto. . . It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The plaintiffs in the case must stand upon the contract as made by the parties." In *Williams* v. *Manchester Building Supply Co.*, 213 *Ga.* 99, 102 (2) (97 S. E. 2d 129), it was held: "If the terms of the contract are such that they can be reasonably misunderstood by the parties, clearly a court of equity has neither the power nor the means to discover the intentions of the parties by mere guess or conjecture." *Smith* v. *Georgia Industrial Realty Co.*, 215 *Ga.* 431, 432 (1) (111 S. E. 2d 37). Furthermore, "A contract of employment containing restrictive provisions as to the right of the employee

to work for a competitor of the employer in the territory within one year after termination of the employment, and requiring one week's notice before the employment can be terminated, is an entire contract and the whole contract must stand or fall together." *Felton Beauty Supply Co.* v. *Levy,* 198 *Ga.* 383 (31 S. E. 2d 651, 155 A. L. R. 647).

2. "Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court. *Rakestraw* v. *Lanier,* 104 Ga. 188, 194 (30 S. E. 735). The restrictions imposed upon the promisor must not be larger than are necessary for the protection of the promisee. . . . We think that in this case, where an effort is made to prevent the defendant from following his occupation in six States, based upon the bare allegation that the plaintiff does business in those States, the language used by this court in *Rakestraw* v. *Lanier,* supra, is applicable: Such a contract is 'unreasonable, not necessary for the protection of the party in whose favor the restraint was imposed, oppressive to the party restrained, and opposed to the interest of the public.' " *J. C. Pirkle Machinery Co.* v. *Walters,* 205 *Ga.* 167, 168 (52 S. E. 2d 853).

3. The contract here under consideration does not specify the cities in which the Bartell Group of stations are located, nor does it identify those stations by name or call letters, but simply recites that "the Bartell Group is engaged in the radio broadcasting business and the television broadcasting business within other cities and States in the United States, including the States of Wisconsin, Alabama, California, and New York." Furthermore, the contract has a catch-all clause which attempts to include any city in which the Bartell Group "now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station." It would be extremely difficult, if not impossible, under the terms of the contract, for the defendant to know whether or not he is violating the terms of the contract. He is certainly not put on notice by the contract itself as to the cities in which he is restrained from seeking employment or engaging in business of a similar nature. Therefore, we hold, under the foregoing principles of law, and the authorities cited in this opinion, that the contract is unreasonable and unenforceable, and that the trial judge did not err in sustaining the oral motion to dismiss in the nature of a general demurrer, and in

dismissing the petition. In view of these rulings, it becomes unnecessary to consider any other provisions of the contract, or to pass upon other questions raised in this case. *Thomas* v. *Coastal Industrial Services, Inc.*, 214 *Ga.* 832 (108 S. E. 2d 328); *Orkin Exterminating Co. of South Ga.* v. *Dewberry*, 204 *Ga.* 794 (51 S. E. 2d 669); *Weill* v. *Brown*, 197 *Ga.* 328 (29 S. E. 2d 54).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 16, 1960—DECIDED APRIL 7, 1960.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error.
*Wendell C. Lindsey,* contra.