22196.   DIXIE BEARINGS, INC. v. WALKER.

Argued September 11, 1963—Decided October 15, 1963.

*Fulcher, Fulcher, Hagler & Harper, Julian H. Stewart,* for plaintiff in error.

*Harris, Chance, McCracken & Harrison,* contra.

Almand, Justice. Dixie Bearings, Incorporated, as plaintiff, brought its action against Claude C. Walker, as defendant, alleging that the plaintiff is a wholly-owned subsidiary of Bearings, Inc., with whom the defendant on June 7, 1961, had signed an agreement for his continued employment by Bearings, Inc., and/or any of its subsidiaries by which the defendant covenanted "that he would not, for one year following the date of termination of his employment with Bearings, Inc., and/or any of its subsidiaries, engage in or become associated with any business competitive to Bearings, Inc., and its subsidiaries within a radius of fifty miles from any city in which defendant had worked as an employee of Bearings, Inc., and/or any of its subsidiaries during the five-year period preceding termination of employment."

The petition further alleged that on the date the agreement was entered into, the defendant was in the employ of the plaintiff at Greenville, South Carolina, as a salesman of bearings; that Bearings, Inc., and its subsidiaries, including plaintiff, compete with other businesses which sell bearings; that, for various reasons, the agreement was necessary to protect the interest of Bearings, Inc., and its subsidiaries from competitors and that the defendant was required to enter into the agreement as considera-

tion for Bearings, Inc., and plaintiff's forbearance in not terminating defendant's employment; and that by "any business competitive to Bearings, Inc., and its subsidiaries" all the parties understood that such a business would be one which sells bearings.

There were further allegations that on July 31, 1961, the defendant was transferred to the Augusta, Georgia, branch of the plaintiff as branch manager, in which capacity he sold bearings and, in general, gained a knowledge of the plaintiff's business and customers. Thereafter, the defendant quit his job with the plaintiff and took a position in Augusta, Georgia, with that part of Augusta Mill Supply Company which sells bearings and solicited and continues to solicit the patronage of the plaintiff's customers, all in violation of the employment contract.

It was alleged that the plaintiff has already suffered financial losses resulting from defendant's violation of the contract, the amount of which cannot be determined; and that if the defendant is permitted to continue to violate the agreement, the plaintiff will be irreparably damaged and has no adequate remedy at law. The prayers were that the defendant be temporarily restrained and permanently enjoined until March 8, 1964, from violating the agreement, that process issue, and that the plaintiff have such other and further relief as may be deemed equitable and proper. The defendant filed a general demurrer- to the petition. Among the grounds of the demurrer were: (a) "the purported contract attached to the petition as a basis for the injunction sought is contrary to law, contrary to public policy of the State of Georgia, and is null and void"; (b) the contract "as a basis for the injunction is so indefinite as to the description of the businesses engaged in by Bearings, Inc., and Dixie Bearings, Incorporated, and so indefinite as to the business prohibited, as to be unreasonable and, therefore, void and of no effect"; and (c) "the petition fails to set forth any facts which would justify the equitable relief for which the plaintiff prays."

The trial court sustained the general demurrer and dismissed the petition. Error is assigned on this order.

An agreement in restraint of trade ancillary to a contract of employment, supported by a valuable consideration, limited both as to time and territory, and not otherwise unreasonable is en-

forceable. *Ogle v. Wright,* 187 Ga. 749 (2 SE2d 72). The contract of employment in the instant case is reasonably limited both as to time and territory. The sole question for decision then is whether the contract is "not otherwise unreasonable."

The question of unreasonableness of a contract is one for the court to decide. *Burdine v. Brooks,* 206 Ga. 12 (55 SE2d 605). In *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731), the employee agreed that for a period of three years after the termination of the contract of employment he would not enter into the ornamental iron business or in any business competitive with that of the employer in the State of Georgia. It was there held that the contract was too indefinite as well as oppressive upon the defendant to be valid. In *Friedman v. Friedman,* 209 Ga. 653 (74 SE2d 860), the employee agreed that for a period of 12 months after the termination of his employment "he will not engage in or be employed directly or indirectly by any person, persons, partnership or company who shall be engaged in any kind or character of business identical or similar with any business operated" by the employer. The restrictions applied to Fulton and DeKalb Counties. This contract was held to be void because indefinite in the description of the prohibited business and for this reason unreasonable. In *WAKE Broadcasters v. Crawford,* 215 Ga. 862 (114 SE2d 26), the employee agreed that for a period of 18 months following the termination of his employment he would not "directly or indirectly accept employment from, or appear on, or become financially interested in any radio or television station whose station, offices, or antenna is located within a radius of fifty (50) miles of the City of Atlanta, Fulton County, Georgia, or within a fifty (50) mile radius of any city in which the Bartell Group now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station and that within said period of time and within said territory the employee will not in any way, directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, partnership or corporation engage in any business competitive, directly or indirectly, to the business of the employer . . ." It was there held that the contract was unreasonable and unenforceable.

The petition alleges that at the time the defendant signed the agreement he was employed by the plaintiff as a salesman in Greenville, South Carolina. At the time he left its employment he was branch manager for the company at Augusta, Georgia. While the petition alleges that the purpose of the contract was to .prevent the defendant's using his knowledge of the plaintiff's business and customers for the benefit of its competitors, the restrictive covenant does not describe the nature, kind or character of the activities of the plaintiff's business or the prohibited activities of the defendant in the event of his employment by a competitive business enterprise. Under the ancillary employment contract the defendant was prohibited for one year following the termination of his employment from engaging as owner, partner, or otherwise or becoming associated as an officer, *employee,* agent or otherwise in any business competitive with the plaintiff or its subsidiaries within a radius of 50 miles of any city in which he had worked as an employee of the plaintiff or any of its subsidiaries during a period of five years preceding termination of employment. Under these provisions the defendant would be prevented from accepting employment as a truck driver, nightwatchman or any other position which might be totally unrelated to trade secrets or sales to customers. Furthermore, the agreement, if valid, would prevent the defendant's working for a competitor after termination of his employment in a city, such as Greenville, South Carolina, where he had been employed during a period five years prior to the termination of his employment, though at the time he was employed by a competitor the plaintiff had ceased to do business in that city.

As to the nature, kind and character of activitiy the defendant would not engage in, the alleged contract is indefinite and vague. As to the absolute prohibition of the defendant's working *in any capacity* for a competitor, in positions unrelated to trade secrets or customers, the contract is unreasonable. For both reasons we hold the alleged contract to be void and unenforceable.

The court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., concurs specially.*