22413. STEIN STEEL & SUPPLY COMPANY v. TUCKER.

ARGUED MARCH 10, 1964—DECIDED APRIL 9, 1964—REHEARING DENIED APRIL 21, 1964.

*Fine & Rolader, D. W. Rolader, Joseph J. Fine, A. J. Block, Jr.,* for plaintiff in error.

*Peek & Blackburn, Peek, Whaley & Blackburn, J. Corbett Peek, Jr., Glenville Haldi,* contra.

HEAD, Presiding Justice. Whether the restraints imposed by a contract in partial restraint of trade are reasonable presents a question of law for determination by the court, and not one of fact for the jury. *Kutash v. Gluckman,* 193 Ga. 805 (2), 807 (20 SE2d 128). "In determining the reasonableness of a restrictive covenant, greater latitude is allowed in those covenants relating to the sale of a business, or dissolution of a partnership, than in those covenants ancillary to an employment contract." *Orkin Exterminating Co., Inc. of South Georgia v. Dewberry,* 204 Ga. 794, 803 (51 SE2d 669).

In *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353 (133 SE2d 338), a restrictive covenant in an employment contract was held to be void and unenforceable "because the agreement is indefinite and vague as to the nature, kind and character of activity the employee would not engage in and is unreasonable because of the absolute prohibition of the employee working in any capacity for a competitor in positions unrelated to trade secrets or customers." In discussing the latter basis for holding the covenant void, this court (at page 357) stated: "Under the ancillary employment contract the defendant was prohibited for one year following the termination of his employment from engaging as owner, partner, or otherwise or becoming associated as an officer, *employee,* agent or otherwise in any business competitive with the plaintiff or its subsidiaries within a radius of 50 miles of any city in which he had worked as an employee of the plaintiff or any of its subsidiaries during a period of five years preceding termination of employment. Under these provisions the defendant would be prevented from accepting employment as a truck driver, night watchman or any other position which might be totally unrelated to trade secrets or sales to customers."

In paragraph 7 of the employment contract in the present case the defendant agreed that for a period of 24 months immediately following the termination of his employment he would not "work or obtain employment with any other person, firm, company, partnership or corporation, either directly or indirectly or in conjunction with any other person, firm, company, partnership or corporation engaged in the fabrication of structural steel, steel bar joists, and certain products or the selling of plumbing supplies, plumbing fixtures, bar joists, structural steel, steel building products as now being handled or as sold by said Company," within eight named counties.

The restrictions imposed on the defendant by this language of the contract "were larger than were necessary for the protection of the promisee." *Rakestraw v. Lanier*, 104 Ga. 188, 202 (30 SE 735, 69 ASR 154). The trial judge properly sustained the general demurrer to the petition and dissolved the temporary restraining order.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Candler and Mobley, JJ., who dissent.*

MOBLEY, Justice, dissenting. I do not agree that the restriction in the employment contract against the defendant's working or obtaining employment in any capacity with a competitor of petitioner was not reasonably necessary for the protection of the petitioner and that the restrictive covenant is for that reason void and unenforceable. An employee who had obtained trade secrets or sales information from his employer could disclose such to his next employer, while serving as a truck driver, night watchman, or in any other position, the same as if he were holding a position similar to that held with the former employer. In my opinion the nature of employment is not the controlling factor, since he could as well make use of sales information, trade secrets, etc., of his former employer in one position as in another. I must admit that this court in *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353 (133 SE2d 338), held contrary to this, and I concurred in that opinion. However, there was a special concurrence by Chief Justice Duckworth, and the judgment there rendered would, therefore, not be binding.

Chief Justice Duckworth and Mr. Justice Candler authorize me to state that they concur in this dissent.