### 23418. BENNETT v. GEORGIA INDUSTRIAL CATERING COMPANY.

ARGUED APRIL 12, 1966—DECIDED MAY 5, 1966.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harold E. Abrams, G. Kimbrough Taylor, Jr.,* for appellant.

*Noah J. Stone, Hugh W. Stone, Stone & Stone,* for appellee.

MOBLEY, Justice. This appeal is from a judgment denying a motion by defendant, Fred Bennett, Jr., to vacate a temporary restraining order and his motion to dismiss the petition, and a judgment overruling his general demurrer to a petition for injunctive relief filed by the Georgia Industrial Catering Company, appellee, against Bennett to enjoin him, under a restrictive covenant in an employment contract between the parties, from serving any of the customers on a retail lunch route, whose patronage had been developed by petitioner as well as any customers on the route obtained by Bennett as petitioner's employee.

This court has held many times that "a restrictive covenant in a contract of employment whereby a person agrees not to engage in an occupational activity of a particular kind which is reasonably limited as to time and territory, is valid and enforceable so long as it is not unreasonable in other respects." *Williams v. Rio Grande Fence Co.,* 221 Ga. 633 (1) (146 SE2d 630); *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353 (133 SE2d 338); *Burdine v. Brooks,* 206 Ga. 12 (55 SE2d 605); *Artistic Ornamental Iron Works Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731); *Stein Steel & Supply Co. v. Tucker,* 219 Ga. 844 (136 SE2d 355); *WAKE Broadcasters, Inc. v. Crawford,* 215 Ga. 862 (114 SE2d 26). The restraint must be "reasonably necessary to protect the interest of the party in whose favor it is imposed . . ." *Rakestraw v. Lanier,* 104 Ga. 188, 194 (30 SE 735); *Stein Steel & Supply Co. v. Tucker,* supra. The territorial limitation in the present covenant is reasonable, being "Fulton County," Georgia, in which petitioner alleges it has developed a valuable business through the solicitation and development of customers. *Turner v. Robinson,* 214 Ga. 729 (107 SE2d 648); *Thomas v. Coastal Industrial Services, Inc.,* 214 Ga. 832 (108 SE2d 328); *Bennett v. Kimsey,* 218 Ga. 470 (128 SE2d 506).

The limitation as to time is stated in the contract as being " . . . for a period of not less than one year from date of

termination . . ." The trial court properly construed this to mean for one year, as the provision required that it be for one year, but did not provide that it should be for more than one year. Therefore, it was for one year. A limitation of one year is well within the bounds of reasonableness. *Brittain v. Reid,* 220 Ga. 794 (141 SE2d 903) ; *Insurance Center v. Hamilton,* 218 Ga. 597 (129 SE2d 801) ; *Thomas v. Coastal Industrial Services, Inc.,* supra.

■ Appellant, Bennett, contends that, aside from the time and territorial limitations, the contract is "otherwise unreasonable" in that it is indefinite and vague with respect to the nature, kind, and character of the activity that the employee is prohibited from engaging in, relying upon the decisions in *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, supra; *Stein Steel & Supply Co. v. Tucker,* 219 Ga. 844, supra; and *Friedman v. Friedman,* 209 Ga. 653 (74 SE2d 860) ; and, that it would be difficult, if not impossible, for him to know whether or not he is violating the terms of the contract because it fails to sufficiently define and specify the customers to whom he may not sell, relying upon the decision in *WAKE Broadcasters, Inc. v. Crawford,* 215 Ga. 862, supra.

The contract provides that appellant "will not solicit or receive or attempt to solicit or receive, directly or indirectly for the benefit of himself, or others . . . the continued patronage from employer's customers on said lunch route or any new customers thereon whose patronage has been developed by employee (Bennett), but at date of said termination comprises part of said route . . ."

Contemporaneously with the execution of the contract, and forming a part thereof, a list of customers or "stops" was delivered to Bennett by the appellee. This list identifies the "stops" which constituted the retail food route and, according to the contract, provides information as to the "tastes, peculiarities, and requirements of individuals at such stops . . ." Thus, the prohibited customers are the "stops" on the route, and any newly developed customers or "stops" on the route at the date of termination of the employment contract; and, the prohibition would extend to all individuals at such stops during the one-year

■

limitation, and, whether or not they had previously bought from appellant.

For this reason we hold that the contract identifies with sufficient clarity the prohibited customers to enable appellant to determine whether he was selling to any customer in violation of the contract.

The provision that appellant shall not solicit, receive or attempt to solicit or receive ". . . the continued patronage from employer's customers on said lunch route . . ." together with provisions to the effect that the business of the employer is the operation of a retail lunch route are sufficient to identify the nature of the business or activity appellant is prohibited from engaging in under the contract. The "continued patronage" of the customers can only mean that patronage connected with the retail lunch route. It cannot be taken to mean patronage of said customers in the selling of brushes or items unrelated to appellee's business since this would be an entirely new patronage. The contract is not unreasonable on this ground, which is without merit.

For the foregoing reasons, the contract is not unreasonable and is capable of enforcement. The trial court properly overruled the general demurrer, the motion to vacate the restraining order based on grounds similar to those in the demurrer, and defendant's oral motion to dismiss the petition.

*Judgment affirmed. All the Justices concur.*