24124. FOX v. AVIS RENT-A-CAR SYSTEMS, INC.

FRANKUM, Justice. 1. Avis filed suit against Fox for an injunction to prevent alleged violations of two separate contracts between the petitioner and the defendant. Count 1 of the petition is based upon the alleged violation by the defendant of his agreement made while he was employed by

Avis and as a part of a stock purchase option agreement entered into between the plaintiff and the defendant under which the defendant agreed that he would "not engage in competition with ITT or any subsidiary of ITT in any phase of the vehicle rental or leasing business or any other business in which employee is engaged at the time of" the termination of his employment with the plaintiff for a period of two years after the termination date "in any city in the United States wherein employee was employed or stationed by ITT or any subsidiary of ITT." (The record shows that plaintiff is a subsidiary of International Telephone and Telegraph Corporation, sometimes referred to as "ITT".) The petition alleges that the defendant was employed by plaintiff in the City of Atlanta and that after the execution and acceptance by the defendant of the Stock Purchase Option Agreement he resigned his employment with the plaintiff and became Executive Vice President and General Manager of "General Truck Lease, Inc." located in Atlanta, Georgia, and that General Truck Lease, Inc., is engaged in the rental and leasing of trucks within the City of Atlanta, and such activity is in direct competition with the plaintiff in such city. The agreement contained in the stock purchase option contract is not so vague, indefinite and uncertain as to the prohibited activity of the defendant as to be void nor is it unreasonable as to time and place, and it is therefore an agreement which the plaintiff can enforce against the defendant under the facts alleged in Count 1 of the petition. *Aladdin, Inc. v. Krasnoff,* 214 Ga. 519 (105 SE2d 730) ; *Wallace Business Forms v. Elmore,* 221 Ga. 223 (144 SE2d 82) ; *Bennett v. Ga. Industrial Catering Co.,* 222 Ga. 127 (149 SE2d 81) ; *Thomas v. Orkin Termite Co.,* 222 Ga. 207 (149 SE2d 85) ; *Mansfield v. B. & W. Gas, Inc.,* 222 Ga. 259 (149 SE2d 482) ; *Spalding v. Southeastern Personnel of Atlanta, Inc.,* 222 Ga. 339 (149 SE2d 794).

2. The petition, together with the exhibits attached thereto, shows that the defendant accepted the option agreement and undertook the covenant sued upon as a part of the consideration for the option. The fact that he did not exercise the option does not render his undertaking not to engage in competition with the plaintiff void as lacking in consideration. The court did not err in overruling the demurrers to Count 1 of the petition.

3. The second count of the petition seeks to recover on the same alleged facts for the violation by the defendant of an agreement entered into by him as a part of a stock purchase contract by which he agreed "not to engage in competition with the company or any subsidiary of the company for a period of two years after such termination date in any city of the United States wherein he was, in the five year period preceding such termination date, employed or stationed by the company or any subsidiary of the company." The agreement not to engage in competition with the company or any subsidiary of the company "is fatally defective and void because it is indefinite, and for this reason unreasonable, in the description of the prohibited business." *Friedman v. Friedman,* 209 Ga. 653 (74 SE2d 860); *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353 (133 SE2d 338); *Stein Steel &c. Co. v. Tucker,* 219 Ga. 844 (136 SE2d 355); *Mason, Au & Magenheimer Confectionery Mfg. Co. v. Jablin,* 220 Ga. 344 (138 SE2d 660). To the extent that the final order overruling the defendant's renewed demurrers to plaintiff's petition as amended may be construed as having overruled the general demurrer to Count 2 of the petition such order was erroneous and must be reversed.

4. Under the pleadings and the evidence in this case the court was authorized to grant an interlocutory injunction. However, the injunction actually granted was in form and substance a permanent one, since it enjoined the defendant from engaging in competition with Avis in the business of renting and leasing trucks within the City of Atlanta, for a period of two years from August 5, 1966, which was the maximum period for which the defendant could have been enjoined under the terms of the contracts sued on in Count 1 of the petition. This provision rendered the order illegal, but is not such a matter as to vitiate it entirely. Direction is given, therefore, that the order be so modified as to provide that the defendant is enjoined until further hearing so that upon the trial of the case it can be adjudged whether or not an injunction should be granted under the law and the facts. *Bono & Bro. v. Orlow,* 147 Ga. 388 (94 SE 251); *Triumph Ice Machine Co. v. Sandersville Ice Co.,* 147 Ga. 468 (94 SE 570). See *Cassidy v. Howard,* 140 Ga. 844 (3) (80 SE 1); *Watkins v. Wilkerson,* 141 Ga. 163 (5) (80 SE 718), and *Jones v. Mauldin,* 208 Ga. 14, 16 (3) (64 SE2d 452).

574

*Judgment affirmed in part with direction; reversed in part. All the Justices concur.*

ARGUED JUNE 12, 1967—DECIDED SEPTEMBER 7, 1967—REHEARING DENIED SEPTEMBER 21, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Charles F. Barnwell, H. A. Stephens, Jr.,* for appellant.

*Reed, Flournoy & Tate, Robert E. Flournoy, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Jeff Davis, Jr., Barry Phillips,* for appellee.