25757. COFFEE SYSTEM OF ATLANTA v. FOX et al.

ARGUED APRIL 15, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Joseph U. McDow,* for appellant.

*Skinner, Wilson & Beals, Robert E. Born, D. Kent Beals,* for appellees.

HAWES, Justice. The appeal here is from the final judgment and order dismissing the complaint for failure to state a claim upon which relief can be granted. Coffee System of Atlanta sued Fox and Intercontinental Coffee Service Plan seeking damages and a temporary and permanent injunction against the continued violation of a restrictive covenant entered into between

Fox and the plaintiff as a part of an employment contract. Under the contract, Fox was employed by Coffee System, Inc., as a senior sales representative "to offer, on its behalf, its 'Coffee System' service, and to sell its replacement kits, within" the territory of Fulton, DeKalb, Cobb and ten other named counties in the State of Georgia. The trial court issued a temporary ex parte restraining order on the 7th day of January, 1970. On January 26, 1970, the matter came on for a hearing on the question of whether the temporary injunction should be granted, and at that time the defendant Fox filed a written motion to dismiss the complaint for failure to state a claim. The judge before whom the matter was heard, passed an order, which, insofar as is pertinent, reads: "After hearing argument of counsel for defendant and plaintiff, . . . it appearing that the restrictions in the contract under consideration . . . are uncertain, indefinite, unreasonable, and impose upon the employee greater limitations than are necessary for the protection of the employer, they are therefore illegal, unenforceable, null and void. . . Therefore, it is hereby ordered, adjudged and decreed that the complaint be, and it is hereby, dismissed for failure to state a claim upon which relief can be granted."

The material and relevant parts of the contract sued on provide that Fox "agrees to use his best efforts to the exclusion of all other employment, in order to promote and solicit sales of the company's coffee system service in the aforesaid territory, and to perform any and all other services reasonably required by company in connection with the merchandising of such service. . . [He] agrees that, for the term of this agreement and for one (1) year following the termination hereof, he will not, directly or indirectly in any capacity, solicit or accept orders of business located within the area assigned to [him] during any part of the two (2) year period immediately preceding the termination of his employment for any program, service, equipment or product similar to or competitive with the business of company from any organization or individual which or who has been a customer of the company during any part of the two (2) year period immediately preceding termination of his employment, or who or which was actively solicited as a customer by company

during the period of this agreement. . . That he will not, during the term of his employment, and for a period of one year thereafter divulge to anyone other than an authorized employee of employer, and after the term of his employment will not use any information or knowledge relating to sales prospects, business methods and/or techniques which were acquired by him during the term of his employment."

■ Among those contracts which are against public policy and which cannot be enforced are contracts in general restraint of trade. *Code* § 20-504. However, "a contract only in partial restraint may be upheld, 'provided the restraint be reasonable,' and the contract be valid in other essentials. *Kutash v. Gluckman,* 193 Ga. 805 (20 SE2d 128)." *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, 802 (51 SE2d 669). "A contract concerning a lawful and useful business in partial restraint of trade and reasonably limited as to time and territory, and otherwise reasonable, is not void." *Nelson v. Woods,* 205 Ga. 295 (1) (53 SE2d 227), and cits.

■ An examination of the decided cases on restrictive covenants reveals that this court has customarily considered three separate elements of such contracts in determining whether they are reasonable or not. These three elements may be categorized as (1) the restraint in the activity of the employee, or former employee, imposed by the contract; (2) the territorial or geographic restraint; and (3) the length of time during which the covenant seeks to impose the restraint. It has been said that no better test can be applied to the question of whether a restrictive covenant is reasonable or not than by considering whether the restraint "is such only as to afford a fair protection to the interest of the party in favor of whom it is given, and not so large as to interfere with the interest of the public. Whatever restraint is larger than the necessary protection of the party can be of no benefit to either; it can only be oppressive, and, if oppressive, it is in the eye of the law unreasonable. . . . There can be no doubt that an agreement that during the term of the service, and for a reasonable period thereafter, the employee shall not become interested in or engage in a rival business, is reasonable and valid, the contract being otherwise

legal and not in general restraint of trade. This is the rule followed by a majority of the American Courts and is supported by reason. . . *Kinney v. Scarbrough Co.,* 138 Ga. 77, 82-83 (74 SE 772, 40 LRA (NS) 473). . . This court seems to be committed to the rule that the contract must be limited both as to time and territory, and not otherwise unreasonable. If limited as to both time and territory, the contract is illegal if it be unreasonable in other respects. And with respect to restrictive agreements ancillary to a contract of employment, the mere fact that the contract is unlimited as to either time or territory is sufficient to condemn it as unreasonable." *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500, 504 (97 SE 66). See, also, *National Linen Service Corp. v. Clower,* 179 Ga. 136, 144 (175 SE 460); and *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, supra.

■ Two of the elements referred to in the preceding division lend themselves to more or less exact comparison with the yardstick laid down by previous cases. The proscription against competition by the defendant embodied in the restrictive covenant in this case extends to 13 named counties in the State of Georgia. Insofar as geographic area is concerned, this is undoubtedly a reasonable restriction to be upheld by the courts if the contract is otherwise reasonable and not oppressive. *Griffin v. Vandegriff,* 205 Ga. 288 (53 SE2d 345); *Burdine v. Brooks,* 206 Ga. 12, 16 (55 SE2d 605); *Kirshbaum v. Jones,* 206 Ga. 192 (56 SE2d 484); *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 354 (133 SE2d 338). The limitation as to the time within which the defendant may not engage in a competitive employment or enterprise, being one year from the termination of his employment with the plaintiff, is reasonable and not such a restriction as would render the contract void. *Orkin Exterminating Co. v. Dewberry,* supra; *Burdine v. Brooks,* supra; *Kirshbaum v. Jones,* supra.

■ We now turn to the question of the reasonableness of the restriction against the activities of the defendant as contained in the covenant. The defendant Fox was employed by the defendant as a sales representative to offer on behalf of the plaintiff its " 'Coffee System' service, and to sell its replacement kits." He agreed that he would not, directly or indirectly, in any ca-

pacity, solicit or accept orders of business located within the area assigned to him (that is, the 13 named counties) during his employment with the plaintiff and for one year thereafter "for any program, service, equipment or product similar to or competitive with the business of" the plaintiff, and that he would refrain from doing this with respect to any organization which, or individual who, had been a customer or had been solicited as a customer of plaintiff during that term. It must be noted that the contract does not restrict the plaintiff from accepting *employment* with a competitor, so long as such employment does not involve the direct or indirect solicitation and acceptance of orders from customers or those solicited as customers of the plaintiff. Even if the enforcement of the broad language forbidding the use by the defendant of business methods and techniques acquired during his employment with the plaintiff should, if enforced, effectively prevent the defendant from accepting employment with any competitor of the plaintiff within the limited area and time of the operation of the contract, it would not render the contract void as a matter of law. See *Shirk v. Loftis Bros. & Co.*, 148 Ga. 500, 502, supra, where a contract in which the employee covenanted that he would "not directly or indirectly, under any circumstances or conditions whatsoever, for himself or any other person, firm, or corporation, engage in or be or become interested or be employed, directly or indirectly . . . as an individual, partner, stockholder, director, officer, clerk, salesman, buyer, principal, agent, employee, trustee, or in any relation or capacity whatsoever, in the line of business carried on by" the plaintiff. That contract was upheld by this court as not imposing too broad a restriction on the defendant since the proscription of the contract only related to Fulton County and was limited as to time to four years. As a general rule, this court seems to have established the principle in cases of this kind that, where the restraint as to time and territory is reasonably limited, a general prohibition against soliciting customers and accounts of the employer will be upheld. See *National Linen Service Corp. v. Clower*, 179 Ga. 136, supra; and *Griffin v. Vandegriff*, supra. We need hold no more than that in this case.

With respect to the definition or description of the business engaged in by the plaintiff and which the defendant was employed by the plaintiff to conduct, the contract only refers to it as a "Coffee System Service," but we think this is enough. This court has upheld restrictive covenants where the description of the business was no more specific. See *National Linen Service Corp. v. Clower,* supra. The restraint imposed by the contract in this case is no more than is reasonably necessary to afford fair protection to the interests of the employer and is not unduly oppressive of the employee. It is not void for any reason urged by the appellee.

■ It follows that the trial court erred in sustaining the motion to dismiss and in dismissing the complaint. It should be kept in mind that this case was brought under the Civil Practice Act, and that the former rules of strict pleading no longer apply. We have looked only to the contract, as it is apparent the trial court did, in reaching the conclusion we have reached. The complaint, itself, sufficiently sets forth the existence of the contract and a breach thereof and it was not subject to being dismissed for failure to state a claim. From the language of the order appealed from, it is clear that the trial judge did not reach the question of whether to grant or deny a temporary injunction. Therefore, no question in that regard is presented for our decision on this appeal.

*Judgment reversed. All the Justices concur.*