28581. RAIFORD v. KRAMER.

Undercofler, Justice. Dr. Morgan B. Raiford, d/b/a Atlanta Eye Clinic, sought an injunction against Dr. John H. Kramer to

prohibit him from violating the terms of an employment contract. The contract provided that the defendant would be prohibited from practicing ophthalmology in the counties of Fulton, Clayton, Cobb, DeKalb and Gwinnett for a period of two years after termination of the contract. The complaint alleged that 95% of Dr. Raiford's patients came from this five county area.

After a hearing the trial court denied a temporary injunction and certified the matter for immediate review by this court. *Held:*

The trial court found that both Dr. Raiford and Dr. Kramer are specialists in the field of ophthalmology; that Dr. Raiford owns the Atlanta Eye Clinic in Atlanta, Fulton County; that Dr. Kramer has opened an office in DeKalb County, some 15 miles away; that the metropolitan area of Atlanta contains all five of the counties excluded by the contract and has a population of 1,500,000; that the population of the City of Atlanta exceeds 500,000; that the population of DeKalb County exceeds 450,000; and that the territorial restraints are unreasonable because they are injurious to the public interest in the highly populated area of metropolitan Atlanta. The trial court denied the temporary injunction to prohibit Dr. Kramer from practicing ophthalmology in DeKalb County but restrained him from treating any patient charted with the Atlanta Eye Clinic or Dr. Raiford until further order of the court.

In *McMurray v. Bateman,* 221 Ga. 240 (144 SE2d 345) this court held that a physician was bound by an employment contract prohibiting him from practicing medicine for a three-year period within a 50 mile radius of Forest Park, Georgia. In *Burdine v. Brooks,* 206 Ga. 12, 17 (55 SE2d 605), we said: "While the argument of counsel for the plaintiff in error—to the effect that contracts of this nature between physicians tend to the public detriment, in that there is an urgent need of doctors to alleviate the pain and suffering of the public presents a forceful reason for condemning the action of physicians in entering into such a contract, nevertheless this court is without authority to abrogate such a contract, if its terms be reasonable. The right to enter into such a contract has long been recognized by this court; and, so long as the contract meets the tests laid down by this court, as fully set forth in *Rakestraw v. Lanier* [104 Ga. 188 (30 SE 735, 69 ASR 154)], this court must hold the contract valid. Whether the restraints imposed by such a contract are reasonable is a question of law for determination by the court."

Since the contract in this case is reasonable as to time and territory, the trial court erred in denying the temporary injunction.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

ARGUED JANUARY 17, 1974 — DECIDED FEBRUARY 18, 1974.

*Alston, Miller & Gaines, Martin H. Peabody, John R. Martin,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg,* for appellee.