## 30708. LANDMARK FINANCIAL SERVICES, INC. v. TARPLEY et al.

JORDAN, Justice.

This is an appeal from an order of the trial court dismissing appellant's complaint for failure to state a claim against Thomas M. Tarpley and Tapley Finance Corporation based on an alleged employment contract between appellant and Tarpley.

The petition alleged that appellant is in the business of making personal loans and purchasing conditional sales contracts in Dublin, Georgia, and that on May 8, 1972, appellant entered into an employment agreement with Tarpley to manage appellant's Dublin office. The contract provides that Tarpley's duties would include the making of personal loans and that through his duties he would become familiar with the operations of the business and with confidential information concerning appellant's actual and potential customers. The contract further contained a prohibition against Tarpley accepting employment with a competitor of appellant for a period of one year from the date of termination of his employment within twenty-five miles from any office of appellant in which Tarpley had been employed within one year prior to such termination and that Tarpley would not solicit or take away any of appellant's customers for a period of three years thereafter.

The petition further states that Tarpley served as appellant's manager in Dublin until August 8, 1975, and

that thereafter he became employed by Tapley Finance Corporation, a competitor of appellant, in the Dublin area. Appellant alleges that Tarpley has diverted and taken away customers of appellant since that time. As to the defendant Tapley Finance Corporation, the complaint alleges that it employed Tarpley with knowledge of his contract with appellant. The petition prays for an injunction and damages from both defendants of $50 per day liquidated damages for each day Tarpley is employed by Tapley Finance Corporation.

1. The first question presented for our consideration is whether the restrictive covenant is reasonable in its restraints. An employment contract in partial restraint of trade, if valid in all other essentials, is enforceable provided the restraint is reasonably limited in time and territorial effect, and otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Federated Mut. Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161) (1974). See also *Durham v. Stand-By Labor of Ga., Inc.,* 230 Ga. 558 (198 SE2d 145) (1973). Whether the restraints imposed by an employment contract are reasonable is a question of law for the courts. *WAKE Broadcasters, Inc. v. Crawford,* 215 Ga. 862 (114 SE2d 26) (1960).

The elements of time and territory lend themselves to comparison with other limitations found reasonable in previous cases. See *Coffee System of Atlanta v. Fox,* 226 Ga. 593 (176 SE2d 71) (1970). The covenant sub judice restricting Tarpley within a twenty-five mile radius of appellant's office from engaging in the business of making personal loans or purchasing conditional sales contracts and from soliciting or diverting customers of appellant for one and three years respectively from the termination of employment is reasonable viewed in light of our prior decisions. *Raiford v. Kramer,* 231 Ga. 757 (204 SE2d 171) (1974); *Thomas v. Orkin Termite Co., Inc.* 222 Ga. 207 (149 SE2d 85) (1966); *Bennett v. Ga. Industrial Catering Co.,* 222 Ga. 127 (149 SE2d 81) (1966); *Williams v. Rio Grande Fence Co.,* 221 Ga. 633 (146 SE2d 630) (1966). The time and territorial limitations were necessary to protect appellant's legitimate business interests in preserving confidential information concerning appellant's business

and potential and actual customers in the Dublin area. Compare *Wulfhorst v. Hudgins & Co.,* 231 Ga. 170 (200 SE2d 743) (1973).

Furthermore, the restrictions against the activities of Tarpley as contained in the covenant are reasonable. This court has established the general rule that general prohibitions in employment contracts against soliciting customers and accounts of the employer will be upheld, even though the employee may also be prevented from accepting employment with any competitor of the employer within a limited time. See *Coffee System of Atlanta v. Fox,* supra, and *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (97 SE 66) (1918).

2. Appellees contend that the contract is unenforceable for the reason that it expired of its own terms on May 8, 1973, and was never renewed. The contract in paragraph four provides that "The term of employee's employment shall be one year, beginning May 8, 1972, and shall be automatically renewable on an annual basis in the event that it is not sooner canceled by the parties." This language does not contemplate the execution of a new contract at the expiration of each one year period as contended by appellee. The use of the term "automatically" indicates the intention to renew without further action of the parties unless the contract is terminated under the notice provision of paragraph four.

Furthermore, the provision is narrowly drawn to include only the term of employment and is not broad enough to encompass or extend to those provisions of the agreement not contingent upon continued employment. The contract contains covenants and warranties which are independent of the length of Tarpley's employment. The restrictive covenants by their very nature do not become operative until the term of employment is terminated, and therefore generally the termination of employment would not affect their operation. As long as there exists a valid agreement as to the restrictions at the time the employment is terminated the restrictive covenants are effective. Such was apparently in the contemplation of the parties since paragraph four further provides that "Either Employer or Employee may terminate this Agreement on one week's notice to the

other subject to the continuing covenants of this Agreement."

3. The appellees contend that the contract is void for lack of mutuality, i.e., that only Tarpley made promises under the contract. However, the contract provides for duties to be performed by the employee and definite compensation to be paid by the employer. Such is adequate consideration by both parties and sufficient to sustain the mutuality of the contract. The fact that the employee agrees to further restrictions and warranties not placed upon the employer does not divest the contract of mutuality.

4. The complaint alleges that defendant Tapley Finance Corporation had knowledge of the employment agreement between appellant and Tarpley, and prays for damages against Tapley Finance Corporation at the rate of $50 per day for each day Tapley is in violation of the employment agreement. Tapley contends that it cannot be held liable under this contract to which it is not a party. We agree. The complaint fails to allege that Tapley induced Tarpley to breach his contract with appellant. The complaint therefore fails to state a claim in either tort or contract upon which relief can be granted as against Tapley Finance Corporation.

We have looked only to the contract and complaint in reaching these conclusions. The complaint sufficiently alleges a contract and the breach thereof, and was not subject to being dismissed for failure to state a claim against Thomas M. Tarpley. However, the trial court did not err in dismissing the complaint against Tapley Finance Corporation as it failed to state a claim in either contract or tort.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hall and Hill, JJ., who dissent from Division 4.*

SUBMITTED JANUARY 9, 1976 — DECIDED
APRIL 6, 1976.

*Dubignion Douglas,* for appellant.
*Eric L. Jones, E. L. Stephens, Jr.,* for appellees.

HALL, Justice, dissenting to Division 4.

"The CPA abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' and directs that 'all pleadings shall be so construed as to do substantial justice.' Code Ann. § 81A-108; *Brown v. Herring,* 225 Ga. 67, 70 (166 SE2d 89) (1969); *A-1 Bonding Service, Inc. v. Hunter,* 118 Ga. App. 498 (164 SE2d 246) (1968); *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327) (1968). 'Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974). This principle has been followed consistently by this court since *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (163 SE2d 885) (1968)." *Dillingham v. Doctors Clinic,* 236 Ga. 302 (1976).

The majority opinion has failed to apply these eight years of precedent on how to construe pleadings on a motion to dismiss. By basing its ruling on the failure of the complaint "to allege that Tapley induced Tarpley to break his contract," the majority opinion has gone back to the pre-CPA days of issue pleading.

I am authorized to state that Justice Hill concurs in this dissent.