62058, 62063. BROOME v. GINSBERG; and vice versa.

DEEN, Presiding Judge.

Dr. Murray Ginsberg, a dentist, formed a professional corporation in 1970 of which he was the sole stockholder. In the fall of 1976 he employed Dr. Broome, also a dentist, to work for the firm. Dr. Ginsberg died on November 17, 1976, leaving all the stock in the professional corporation to his wife, a non-medical person. Dr. Broome entered into his employment on January 2, 1977, and worked for the corporation until May 17, 1977, at which time he left and opened up a private practice.

Mrs. Ginsberg, as sole owner of the stock of the appellee corporation, caused suit to be filed in its name against Dr. Broome alleging breach of a restrictive covenant in the employment contract which stipulated that Broome "agrees not to compete directly or indirectly in the practice of periodontics in Chatham County, Georgia, for a period of two years from the termination of employment . . . unless he shall pay to the corporation 20 percent of his gross income from his periodontic practice in Chatham County, Georgia, during the first year following such termination and 15 percent of his gross income from said practice during the second year following such termination."

Both sides moved for summary judgment, and both motions were denied. Broome filed an interlocutory appeal which was granted by this court; we have also accepted the plaintiff's cross appeal. *Held:*

1. This corporation was chartered under Code Chapter 84-54, The Georgia Professional Corporation Act. It may exist for the practice of only one profession, in this case dentistry. Code § 84-5405 (a). It may not engage in the practice of such profession except through a duly licensed member of that profession. Code § 84-5404 (b). Shares of a professional corporation in the name of a deceased shareholder must within six months of the date of death of the holder be redeemed, cancelled, or transferred to a licensed person authorized to hold them. Code § 84-5405 (c). A personal representative of a deceased person may not participate in or vote upon any matter concerning the rendering of personal professional services. *Id.* Such decisions must be vested in persons who are licensed to practice the profession. Code § 84-5404 (c). A professional corporation which ceases to have a licensed shareholder actually practicing in the profession ceases after six months to be a professional corporation; its only viability from that time is the right to liquidate in accordance with the statutes relating to the Georgia Business Corporation Code, Code § 22-101 et seq. Accordingly, when after the death of Dr. Ginsberg six months passed during which time

no eligible person licensed to practice dentistry in this state held any shares in the professional corporation it ceased to be such by operation of law, and it remained a business corporation only for the purpose of liquidation of assets.

2. Restrictive covenants in employment contracts tend to lessen competition and, thus being in partial restraint of trade, are narrowly scrutinized. *Barrett-Walls, Inc. v. T. V. Venture, Inc.,* 242 Ga. 816, 818 (251 SE2d 558) (1978). To be enforceable they must not be unreasonable in other respects. *Nationwide Mut. Ins. Co. v. Elder,* 240 Ga. 592 (242 SE2d 97) (1978); *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (227 SE2d 251) (1976); *Purcell v. Joyner,* 231 Ga. 85 (200 SE2d 363) (1973). This is a question of law for the court. *Stein Steel &c. Co. v. Tucker,* 219 Ga. 844, 846 (136 SE2d 355) (1964); *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 356 (133 SE2d 338) (1963). When the contract involves the practice of a profession, it will be held void if it needlessly oppresses one of the parties without affording any corresponding protection to the other. In particular, it should not so operate as to cause one party to abstain from practicing his profession at a time or place when so doing would not benefit the other contracting party. *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735) (1898). "The restrictions imposed upon the promisor must not be larger than necessary for the protection of the promisee." *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160 (1) (160 SE2d 356) (1968).

3. Applying the above law to the facts of this case, we are constrained to hold that, six months having passed after the death of the sole shareholder of the plaintiff corporation qualified to carry on the business of the firm, plaintiff ceased to be a professional corporation, and the only thing it could do thereafter was, as a business corporation, to liquidate its assets. It will be observed that the defendant continued for the requisite period of six months after Ginsberg's death to carry on as an employee. Had the plaintiff reorganized during that time, by transfer of shares to a qualified person or otherwise, a different situation might obtain. When, however, the plaintiff's life as a professional corporation ceased, the practice of his profession by Broome could in no way harm it, since there could thereafter be no professional competition between the two. To hold under such circumstances that the income from Broome's personal practice or any part of it could be seizable as damages by the defunct corporation when such practice could no longer damage it would be to render the covenant "otherwise unreasonable" within the language of the statute.

Accordingly, the trial court did not err in denying summary judgment to the plaintiff, but erred in denying Broome's motion for

summary judgment in his favor.

*Judgment reversed in case no. 62058. Judgment affirmed in case no. 62063. Banke and Carley, JJ., concur.*

DECIDED JUNE 17, 1980 —
REHEARING DENIED JULY 9, 1981

*Roland B. Williams, F. Saunders Aldridge,* for appellant.
*Fred S. Clark,* for appellee.