## 33039. NATIONWIDE MUTUAL INSURANCE COMPANY et al. v. ELDER.

BOWLES, Justice.

The appellee entered into a contract of employment with the appellant insurance companies on January 1, 1975. At that time he signed an employment contract, which contained in paragraph 11, a restrictive covenant. The covenant provided that: "Agent agrees that he will not, either directly or indirectly by and for himself or as agent for another or through others as his agent, engage in *or be licensed as agent, solicitor, representative or broker* in any way connected with the sale, advertising, or solicitation of fire, casualty, health or life insurance in the

area described below for a period of one year from the date of the voluntary or involuntary termination of his employment with the Companies, or should the Companies find it necessary by legal action to enjoin Agent from competing with the Companies, one year after the date such injunction is obtained in the following area: Within twenty-five miles of his principal place of business located at 1531 Roswell Road, Marietta, Georgia." (Emphasis supplied.)

Appellee voluntarily terminated his employment effective October 9, 1976. Soon after, he engaged in the solicitation and sale of insurance within a twenty-five mile radius of 1531 Roswell Road.

Appellants filed their complaint against appellee, alleging that he was in violation of paragraph 11 of the employment contract. They prayed that he be enjoined from soliciting and selling insurance pursuant to the terms of the employment contract.

In his answer appellee contended that the restrictive covenant was void and unenforceable because it was contrary to the public policy of this state. He filed a motion to dismiss appellants' complaint, which was granted.

Covenants against competition in employment contracts are considered in partial restraint of trade and are to be tolerated only if strictly limited in time and territorial effect and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *McNease v. National Motor Club,* 238 Ga. 53 (231 SE2d 58) (1976); *Edwards v. Howe Richardson Scale Co.,* 237 Ga. 818, 820 (229 SE2d 651) (1976); *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (227 SE2d 251) (1976). Employment contracts which contain restrictive covenants limited in time to periods of one year have been consistently upheld. *Edwards v. Howe Richardson Scale Co.,* supra; *Dunn v. Frank Miller Associates,* 237 Ga. 266 (227 SE2d 243) (1976).Covenants which contain territorial restrictions limited to within twenty-five miles of a stated location have also been consistently enforced. *Landmark Financial Services v. Tarpley,* 236 Ga. 568 (224 SE2d 736) (1976). The employment contract presented in this case

meets the requirements of these two tests and would be upheld on both grounds.

However, the restrictive covenant in this case prohibited the employee from being "licensed as an agent, solicitor, representative or broker." *Federated Mut. Ins. Co. v. Whitaker,* 232 Ga. 811 (209 SE2d 161), is controlling in this situation. That case held that a contract which attempts to prohibit the appellee from being licensed as an agent, solicitor, representative or broker is unreasonable. "Licenses are required by state law in order to sell insurance and are issued and regulated by statute. Code Ann. Ch. 56-8B (Ga. L. 1960, p. 289 et seq.). Certainly the rescission of a license to sell insurance duly earned and properly granted by the state. . . is unnecessarily restrictive and oppressive." *Federated Mut. Ins. Co. v. Whitaker,* supra.

There is no merit in appellants' argument that the contract only prohibits the agent's obtaining a license within a twenty-five mile radius of 1531 Roswell Road. Fragmented licensure is not available in this state. To prohibit licensure in one area of the state prohibits licensure in all areas of the state.

The trial court was correct in granting appellee's motion to dismiss after concluding that the restrictive covenant was unenforceable under our holding in *Federated Mut. Ins. Co. v. Whitaker,* supra.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 9, 1978 — DECIDED JANUARY 24, 1978.

*Murray & Temple, Malcolm S. Murray, W. A. Dinges,* for appellants.

*Still & Aldridge, Richard H. Still,* for appellee.