492 A.2d 365

**TJB, INC., et al.**

v.

**ARUNDEL BEDDING CORPORATION, et al.**

No. 1142, Sept. Term, 1984.

Court of Special Appeals of Maryland.

May 14, 1985.

---

Stuart Levine, Baltimore (John R. Francomano and Burke, Gerber, Wilen, Francomano & Radding, Baltimore, on brief), for appellants.

William N. Butler, Towson (Dickee M. Howard and Howard, Butler & Melfa, P.A., Towson, on brief), for appellees.

Argued before GILBERT, C.J., and ADKINS and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

An order was entered by the Circuit Court for Baltimore County, granting an interlocutory injunction to certain franchise holders against T.J.B., Inc. (TJB), doing business as Mattress Discounters.

Appellees, Arundel Bedding Corporation, Nubig, Inc., Dream World, Inc., and Benjies Ltd., Inc., are franchisees of TJB. Appellant TJB also operates a large number of company-owned stores under the Mattress Discounters name. The other appellants are various individuals associated with TJB. The franchise holders sued TJB alleging that it violated the Franchise Disclosure Act, Md.Code Ann., Art. 56, § 345 *et seq.* (1980), in several ways.

Following the filing of suit in February 1984, some additional issues arose. In April 1984, counsel met to attempt to resolve some of these issues. They agreed to defer resolution of a dispute concerning termination of Arundel Bedding Corporation's franchise until a later date, and the agreement was recited before the court. In addition, TJB's counsel specifically reserved taking any position with regard to prepayment of advertising costs by Arundel Bedding Corporation.

A hearing was held in July 1984, to resolve a series of disputes between TJB and the franchisees, including:

1. TJB's attempt to cancel one of the franchises;
2. TJB's refusal to turn over an advertising rebate it received;
3. The method of payment of advertising costs by the franchisees.

In their amended bill of complaint, the franchisees had sought, along with other relief, an injunction concerning the advertising rebates.

The circuit court granted the injunction and provided in pertinent part:

"[t]hat the Respondent T.J.B., Inc. shall return the funds it now retains in its books of account representing the advertising rebates due and owing to Complainants in their respective amounts set forth in a letter dated April 10, 1984, less any monies advanced for advertising prior to the date of this Order; and [that the appellees] ... are to be afforded the same advertising as other franchise and company owned stores of the Respondent T.J.B. Inc. and ... That all Complainants/Franchisees shall pay for advertising under the terms and conditions as set forth in the Franchise Agreement; and ...

"That such funds now held in an Escrow Account by the Complainants/Franchisees shall be paid directly to Respondent T.J.B., Inc.; [1] and ...

"That the Respondent T.J.B., Inc. shall not terminate the franchise of any franchisee including but not limited to [these appellees]."

TJB appeals from this order and complains that

1. The court erred in granting the interlocutory injunction because (a) it failed to consider the likelihood that the franchisees would succeed on the merits of their claim, and (b) it did not weigh the relative harm which might be

---

**1.** The franchisees had been placing their payments in escrow. This is not the subject of appeal.

suffered by the franchisees if the injunction were not issued against the possible harm to TJB which might result from its issuance;

2. The court erred by not requiring the franchisees to post an injunction bond as required by Md.Rule BB75; and

3. The court erred when it altered the *status quo ante litem* and ordered TJB to return the franchisees various advertising rebates held in escrow.

## Interlocutory Injunction

 The purpose of an interlocutory injunction is "to maintain the *status quo* until the court has either addressed and resolved the merits of the controversy or has otherwise determined that the claimant has no legal right to proceed." *General Motors Corp. v. Miller Buick, Inc.*, 56 Md.App. 374, 386, 467 A.2d 1064 (1983), *cert. denied*, 299 Md. 136, 472 A.2d 999 (1984). Generally, the "appropriateness of granting an interlocutory injunction is determined by examining four factors:

"(1) the likelihood that the plaintiff will succeed on the merits;

"(2) the 'balance of convenience' determined by whether greater injury would be done to the defendant by granting the injunction than would result from its refusal;

"(3) whether the plaintiff will suffer irreparable injury unless the injunction is granted; and

"(4) the public interest."

*Department of Transportation v. Armacost*, 299 Md. 392, 404–05, 474 A.2d 191, (1984), citing *State Dep't v. Baltimore County*, 281 Md. 548, 554–57, 383 A.2d 51 (1977).[2]

---

2. In a dispute between two government parties, the second factor "normally will not be considered." Both parties act on behalf of the public and, therefore, the comparative hardship to each side is not relevant. *Department of Transportation v. Armacost*, 299 Md. at 404, 474 A.2d 191.

Appellant contends that the trial court failed to determine the likelihood that appellees would succeed on the merits of their claim. First, the court did not direct itself specifically to the merits of appellees' case as set forth in the Bill of Complaint. Second, the basis for TJB's attempt to terminate appellee Arundel Bedding Corporation as a franchisee is independent of appellees' claim; therefore, Arundel Bedding Corporation will face termination as a franchisee even if it otherwise succeeds on the merits of that claim.

■ Appellees respond that there was substantial testimony from which the court could have determined that they were likely to succeed on the merits. While this may be accurate, it is not sufficient.

The court must make its determination by balancing the relevant factors. In the present case, the court made no findings regarding the probability of success; it merely concluded that "it's the responsibility of this Court of equity to protect the interests of all parties pending this litigation." While this is not precisely wrong, it is incomplete. The court has that responsibility insofar as it is consistent with the results reached upon balancing the aforementioned factors.

This Court does not find facts; such questions are for the trial court to decide. We, therefore, reverse and remand the case to allow the court to complete that function.

### Bond

Maryland Rule BB75a states as follows:

"a. *Ex Parte or Interlocutory Injunction.*

Except as otherwise provided in section b of this Rule, an *ex parte* or interlocutory injunction shall not be issued unless there is filed a bond in such amount as may be determined by the court and with such surety as may be approved pursuant to Rule 1–402(b) or with other security approved by the court, conditioned to answer to the adverse party for any damages which he may sustain by reason of the issuance of such injunc-

tion if it shall ultimately be determined, when such action is heard on the merits, that such injunction should not have issued." [3]

Appellants contend alternatively that:

(1) The court could not dispense with the bond under the Rule;

(2) The court did not exercise its discretion; or

(3) If the court exercised its discretion, it erred in failing to impose a bond in a specified amount on appellees.

The appellate courts of this jurisdiction have not determined previously whether a trial court, in its discretion, may conclude that a bond or other security may be dispensed with under Md.Rule BB75a in a case involving an interlocutory injunction.[4] Both parties refer us to cases interpreting Fed.R.Civ.P. 65(c), since that Rule is similar to Md.Rule BB75a. The Federal Rule provides, in pertinent part:

"No restraining order or preliminary injunction, shall issue except upon the giving of security by the applicant in such sum as the court deems proper...."

The United States Court of Appeals for the Second Circuit explained the rule as follows:

"In considering this language we have stated that, especially in view of the phrase—'as the court deems proper' the district court may dispense with security when there has been no proof or likelihood of harm to the parties enjoined."

---

**3.** Md.Rule BB75b provides two exceptions to this section. The court may dispense with the bond: (1) in the case of extraordinary hardship, or (2) in cases involving the State or its agencies. Neither of these exceptions is at issue in this case.

**4.** In *Saunders v. Stradley,* 25 Md.App. 85, 90, 333 A.2d 604 (1975), a case involving an *ex parte* injunction, we noted in dicta that "there is no authorization in the Rule [BB75] to dispense altogether with the requirement that a bond be filed." There is a distinct difference between the information before the court at the interlocutory injunction stage and that available for an *ex parte* injunction; hence, we do not hold that language to be controlling.

*International Controls v. Vesco*, 490 F.2d 1334, 1356 (2d Cir.), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974), citing *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir.1961); *Urbain v. Knapp Brothers Manufacturing Company*, 217 F.2d 810 (6th Cir.1954), *cert. denied*, 349 U.S. 930, 75 S.Ct. 772, 99 S.Ct. 1260 (1955). Similarly, the Court of Appeals for the Fifth Circuit has opined that:

> "The amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all."

*Corrigan Dispatch Company v. Guzman*, 569 F.2d 300, 303 (5th Cir.1978).

Recently, in *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n.*, 636 F.2d 755 (D.C.Cir.1980), the court ruled on whether a supersedeas bond was mandatory to obtain a stay pending appeal. The court compared that requirement with Rule 65(c), stating:

> "Courts interpreting this language [in Rule 65(c) ] have concluded the district court has power not only to set the amount of security but to dispense with any security requirement whatsoever where the restraint will do the defendant "no material damage." [citations omitted] ... Given the similarity between former Rule 73(d) and Rule 65(c), these holdings compel the conclusion that the district court, in staying execution of a money judgment, has discretion with respect to requiring the posting of security *that is analogous to the widely recognized discretion that a district court granting temporary injunctive relief has with respect to the security requirement of Rule 65(c)."* *Id.* at 759. (emphasis added).

We adopt the reasoning of these cases and hold that the court has the discretion under Md.Rule BB75a to dispense with a bond or other security. In this case, the court exercised its discretion in determining that a bond was unnecessary, as evidenced by this colloquy:

> "The Court: Well, I don't believe that a bond is necessary. Who is going to post the bond, you or the plaintiff?

"Mr. Francomano: I was thinking of the plaintiffs, your Honor.

"The Court: They are probably thinking about you, and I'm thinking about neither."

 Appellant also urges that the court erred in failing to require a substantial bond, and points to events which occurred after the issuance of the injunction. While this may be material on remand, it does not affect this appeal— our standard of review is limited to whether the court abused its discretion based on what was before it. Both parties were at some risk as a result of the court's decision. On the record before us, we hold the court did not abuse its discretion. Md.Rule 1086.

### Advertising Rebates

One of the issues to which the injunction was directed involved certain advertising rebates. According to appellants, TJB places advertisements in newspapers and pays for them in full. TJB then bills its franchisees for their share of these costs. After a certain level of advertising has been reached for a particular year, the advertising media rebate part of the sums paid for prior advertising. This, in effect, allows a price discount to high volume advertisers. TJB, in turn, credits the accounts of its franchisees with their share of the rebates; the credit is then deducted from future billings.

Appellees contend that the advertising process is conducted differently, in that some advertising was done on a line of credit. They also allege that the franchisees had the right to choose whether to use their credit against the weekly advertising costs charged by TJB.

The trial court predicated its action solely on preserving the status quo; hence, we do not have the benefit of any fact-finding on this point. Since the court directed payment of the rebates to appellees, we assume the court leaned toward appellees' position on the merits. We repeat that the court must consider all factors before ordering what

amounts to a mandatory injunction, including whether appellees will suffer irreparable injury.

## Conclusion

Ordinarily, we do not comment outside the questions posed to us. We will make an exception in this instance, because this litigation probably would have been completed by now had it not been for this appeal.

At the close of the hearing and after the court denied the request for a bond, it commented:

> "What I'm hoping will happen is that Judge DeWaters will tell the Assignment office to set it in on its merits, and it's a case like all others where there is injunctive relief involved that needs to be heard immediately."
>
> * * * * * *
>
> "We're going to get it in, I hope, within thirty days, but I don't know whether it will get in for trial within that period or not."

According to Md.Cts. & Jud.Proc.Code Ann., § 12–303 (1973, 1984 Repl.Vol):

> "[a] party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:
>
> * * * * * *
>
> (c) An order:
>
> (1) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause."

Furthermore, we have recognized that "[t]he Court of Appeals has held as a general principle that the entry of an appeal divests the circuit court of its jurisdiction and it may not take further action upon the order appealed from 'and any matters embraced therein.' "[5] (citations omitted). *Ro-*

---

**5.** This does not conflict with trial court proceedings pending an appeal following certification under Md.Rule 2–602, or other appealable interlocutory orders under § 12–303, so long as the further action

*senbloom v. Electric Motor Repair Co.*, 31 Md.App. 711, 715, 358 A.2d 617 (1976).

We cannot determine whether this case would have been resolved in the absence of an immediate appeal from the injunction; based on the trial court's comments, we hope it would. The restraint exercised by the court in not setting the case for trial in the interim seems to reflect its perception that it had no jurisdiction to proceed at that point, at least in relation to matters covered by the injunction.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER ACTION CONSISTENT WITH THIS OPINION. COSTS TO BE BORNE EQUALLY BY APPELLANTS AND APPELLEES.

---

taken is not upon the order appealed from or "any matters embraced therein."