508 A.2d 991

**HOLIDAY UNIVERSAL CLUB OF ROCKVILLE, INC.**

v.

**MONTGOMERY COUNTY, Maryland, et al.**

No. 1160, Sept. Term, 1985.

Court of Special Appeals of Maryland.

May 15, 1986.

David E. Manoogian (Jean M. Jones and Beckett, Cromwell & Myers, P.A., on brief), Bethesda, for appellant.

Bruce P. Sherman, Sr. Asst. Co. Atty. (Paul A. McGuckian, Co. Atty. on brief), Rockville, for appellees.

Argued before BISHOP, BLOOM and ROBERT M. BELL, JJ.

BISHOP, Judge.

Holiday Universal Club, Inc. (Holiday) appeals from the denial by the Circuit Court for Montgomery County of

its Petition for Injunctive Relief. Of the issues presented by appellant we will review the following two.[1]

I. Is Montgomery County Code, Chap. 27, Article 1, Division 1, unconstitutional either because the County lacked the power to enact such an ordinance or because the ordinance is vague?

II. Did the trial court err in refusing to issue the interlocutory injunction?

## FACTS

Allegedly because of their sex, Bruce Pollekoff, Ronald F. Busch and Ernie Sahavy, members of the Rockville Holiday Spa (the Spa), were denied admission to an aerobics dance class held at the Spa. Each filed an individual complaint with the Montgomery County Human Relations Commission (HRC), alleging discrimination in public accommodations. Subsequently, the HRC issued determination letters finding that reasonable grounds existed to believe that appellant, owner and operator of the Spa, discriminated in violation of the Montgomery County Public Accommodation Ordinance of the Montgomery County Code Section 27-9 (the Ordinance) in barring Pollekoff, Busch and Sahavy from the aerobics classes. The HRC scheduled public hearings on the complaints for June 18, 1985, and on June 7, 1985 appellant filed a complaint seeking a declaratory judgment that the Montgomery County Public Accommodation Ordinance was unconstitutional and for an interlocutory injunction staying the pending HRC proceedings. The Circuit Court for Montgomery County denied the interlocutory

---

**1.** Appellant attempts to incorporate "as if fully set forth in the brief" arguments made in a Memorandum of the Law filed in the circuit court and reproduced in the record extract. This practice is improper; Rule 1031(c)(5) requires the appellant's brief to contain argument in support of its position. *See Rosenberg v. Rosenberg,* 64 Md.App. 487, 515 n. 7, 523–24 n. 10, 497 A.2d 485 (1985). Therefore we consider only those issues upon which appellant supports its position with argument actually contained in the brief.

injunction. This appeal followed.[2] Appellees are Montgomery County,[3] the HRC, the individual members of the HRC, and the Executive Director of the HRC.

## I.

### Constitutionality of Montgomery County Public Accommodation Ordinance

Appellant argues before us that the Montgomery County Public Accommodation Ordinance is unconstitutional because its enactment exceeded the powers granted the Montgomery County Council and because the Ordinance is vague. The trial court, appellant asserts, therefore erred in denying injunctive relief. The Ordinance provides in relevant part:

DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION.

Sec. 27–8. Applicability article.

This article applies to discriminatory practices in places of public accommodation within the territorial limits of the county, and shall apply and be applicable to every place of public accommodation, resort or amusement of any kind in the county whose facilities, accommodations, services, commodities or use are offered to or enjoyed by the general public either with or without charge.... Sec. 27–9. Prohibited acts.

It shall be unlawful for any owner, lessee, operator, management, agent or employee of any place of public accommodation, resort or amusement within the county:

---

**2.** An order refusing to grant an interlocutory injunction is an appealable order pursuant to Md. Courts & Jud.Proc.Code Ann., § 12–303(3)(iii) (Supp.1985).

**3.** Appellee Montgomery County has abandoned its cross-appeal since no appeal lies from a judgment wholly in its favor. *See Offutt v. Mont. Co. Board of Education,* 285 Md. 557, 564 n. 4, 404 A.2d 281 (1979). Further, the cross-appeal was not timely because it was not filed within ten days of appellant's order of appeal. *See* Rule 1012 f.

(a) To make any distinction with respect to any person based on race, color, sex, marital status, religious creed, ancestry, national origin, handicap, or sexual orientation in connection with admission to, service or sales in, or price, quality or use of any facility or service of any place of public accommodation, resort or amusement in the county.

(b) To display, circulate or publicize or cause to be displayed, circulated or publicized, directly or indirectly, any notice, communication or advertisement which states or implies that any facility service, commodity or activity in such place of public accommodation, resort or amusement will not be made available to any person in full conformity with the requirements of subsection (a) of this section or that the patronage or presence of any person is unwelcome, objectionable, unacceptable or not desired or solicited on account of any person's race, color, sex, marital status, religious creed, ancestry, national origin, handicap, or sexual orientation.

Sec. 27–10.  Penalties.

As a part of its order in a discrimination case, the commission panel may require the extension of full, equal and unsegregated accommodations, advantages, facilities and privileges to all persons by the respondent.  The commission panel may also order such other affirmative or prospective relief as, in the judgment of the panel, effectuates the purposes of this article or is necessary to eliminate the effects of the discriminatory practice.  The commission panel may further grant monetary awards determined by the panel from the evidence of record as the actual damages, costs or losses involved or in such amounts as may be specified below:

(a) If the complainant and/or family are denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodations, complainant may be reimbursed in accordance with the standards of proof set forth in section 26–27 for all expenses and compensated

for all damages resulting from the unlawful discrimination....

These provisions are contained in a portion of the Montgomery County Code which sets up the HRC and also specifically addresses discrimination in housing and employment and racial and religious intimidation. *See* Montgomery County Code, Section 27.1 *et. seq.*

## A.

### *Power of Charter County*

Appellant first asserts that the powers granted to Montgomery County as a charter county do not include the power to enact ordinances to prevent discrimination in places of public accommodation. Appellant correctly notes that Montgomery County is a charter county and as such obtains its powers from Article XI–A of the Maryland Constitution and Maryland Ann.Code, art. 25A, the Express Powers Act.

■ Among the powers enumerated in art. 25A, § 5, subsection (S) provides, in relevant part:

The foregoing or other enumeration of powers in this article shall not be held to limit the power of the county council, in addition thereto, to pass all ordinances, resolutions or bylaws, not inconsistent with the provisions of this article or the laws of the State, as may be proper in executing and enforcing any of the powers enumerated in this section or elsewhere in this article, as well as such ordinances as may be deemed expedient in maintaining the peace, good government, health and welfare of the county.

This grant of powers provides charter counties with a general police power to enact ordinances for the public good as long as the ordinances are not inconsistent with the other provisions of art. 25A or the other laws of the State. *Snowden v. Anne Arundel County,* 295 Md. 429, 432–33, 456 A.2d 380 (1983); *Prince Geo's Co. v. Chillum-Adelphi,* 275 Md. 374, 382, 340 A.2d 265 (1975); *Montgomery Citi-*

*zens League v. Greenhalgh,* 253 Md. 151, 160–61, 252 A.2d 242 (1969).

■ In *Montgomery Citizens League v. Greenhalgh,* the Court of Appeals held that the legislative powers of Montgomery County were broad enough to permit the enactment of fair housing ordinances which prohibited discrimination in housing. 253 Md. at 164–65, 252 A.2d 242. The Court's analysis was in two steps. First, the Court concluded that "[n]o doubt can remain as to the power of a state legislature to prohibit discrimination in public accommodations and housing." 253 Md. at 164, 252 A.2d 242. The Supreme Court recently reaffirmed this proposition in *Roberts v. United States Jaycees,* 468 U.S. 609, ——–——, 104 S.Ct. 3244, 3252–55, 82 L.Ed.2d 462 (1984). Second, the *Greenhalgh* Court recognized that the purpose of Article XI–A of the Maryland Constitution was to transfer local lawmaking powers from the state legislature to county governments thereby giving the county council full legislative power to enact local laws on all matters covered by the express grant of powers granted by the Express Powers Act pursuant to Art. XI–A, § 2. 253 Md. 159–60, 252 A.2d 242. This point has also been subsequently reaffirmed. *See Town of Forest Heights v. Frank,* 291 Md. 331, 341, 435 A.2d 425 (1981); *Cheeks v. Cedlair Corp.,* 287 Md. 595, 608–09, 415 A.2d 255 (1980); *Ritchmount Partnership v. Board,* 283 Md. 48, 56–57, 388 A.2d 523 (1978); *County Council v. Investors Funding,* 270 Md. 403, 412, 312 A.2d 225 (1973). The *Greenhalgh* Court then concluded that since the State's police power to enact legislation for the public good allows for passage of legislation to prohibit discrimination in public accommodations and housing, and that since the express powers granted Montgomery County include a co-extensive police power, the County can also enact such a provision:

If then the Legislature could pass a statute [prohibiting discrimination in public accommodations and housing] under the police power of the State,... there would seem to

be no doubt that... [Montgomery County] can pass a valid ordinance having the same end in view.

253 Md. at 165, 252 A.2d 242.

Although *Greenhalgh* specifically concerned the fair housing ordinance, a clear implication of the opinion was that the legislative powers of a charter county were broad enough to permit the enactment of ordinances prohibiting discrimination in places of public accommodation. *See Peppin v. Woodside Delicatessen,* 67 Md.App. 39, 47, 506 A.2d 263, 267 (1986) (indicating in *dicta* that under *Greenhalgh* Montgomery County had the authority to enact the public accommodation ordinance.) We therefore hold that passage of the Montgomery County Public Accommodation Ordinance was a valid exercise of the police power of the county.

## B.

### *Vagueness*

Appellant, relying on the standard set forth in *Miller v. Maloney Concrete Co.,* 63 Md.App. 38, 48–49, 491 A.2d 1218 (1985), also contends that the Public Accommodation Ordinance is unconstitutionally vague. Specifically, appellant asserts that nowhere in the ordinance is the term "discrimination" defined and therefore the ordinance fails to provide adequate notice of what a violation would be. We do not agree.

■ Appellant's reliance on *Maloney* is misplaced. That case addressed vagueness in the context of an ordinance with criminal penalties. 63 Md.App. at 48, 491 A.2d 1218. The public accommodation ordinance at issue here carries only civil penalties. Further, even if the *Maloney* standard were applied, Section 27–9 of the ordinance very specifically spells out what acts are prohibited. The "discriminatory practices" the ordinance seeks to prohibit are set forth in terms which give "fair notice" to the public and "fixed standards" to those enforcing the law. *See Maloney,* 63 Md.App. at 48–49, 491 A.2d 1218.

## II.

### Interlocutory Injunction

Appellant asserts that the trial court also erred in failing to grant the interlocutory injunction based upon the grounds asserted other than the unconstitutionality of the ordinance arguments. *Department of Transportation v. Armacost*, 299 Md. 392, 474 A.2d 191 (1985), provides us with the standard for granting an interlocutory injunction:

> As a general rule, the appropriateness of granting an interlocutory injunction is determined by examining four factors: (1) the likelihood that the plaintiff will succeed on the merits; (2) the "balance of convenience" determined by whether greater injury would be done to the defendant by granting the injunction than would result from its refusal; (3) whether the plaintiff will suffer irreparable injury unless the injunction is granted; and (4) the public interest.

299 Md. at 404–05, 474 A.2d 191 (citing *State Department v. Baltimore County*, 281 Md. 548, 554–57, 383 A.2d 51 (1977)) (footnote omitted). *See also TJB, Inc. v. Arundel Bedding Corp.*, 63 Md.App. 186, 190, 492 A.2d 365 (1985). The granting or denying of an injunction is a matter within the discretion of the trial court and will not be disturbed on appeal unless that discretion has been abused. *Seci, Inc. v. Chafitz, Inc.*, 63 Md.App. 719, 725, 493 A.2d 1100 (1985).

In denying the interlocutory injunction appellant requested, the trial court listed the four factors set forth above and stated:

> That test having been laid out, the Court is not satisfied that any one of the four factors ... have been met by the arguing Counsel, and for that reason, the Court declines to grant the request for injunctive relief.

Upon our review of the record, we affirm the trial court's denial of the interlocutory injunction. Appellant failed to meet any one of the four standards necessary to be granted the extraordinary remedy of interlocutory relief. Most notably, appellant is not likely to succeed on the merits and

failed to show the irreparable injury which would result from continuation of the HRC proceedings.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.