534 A.2d 999

**NATIONWIDE MUTUAL INSURANCE COMPANY et al.**

v.

**Robert W. HART.**

No. 367, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Jan. 6, 1988.

---

Stephen R. Lohman (Craig F. Ballew and Smith, Somerville & Case, on brief), Baltimore, for appellants.

Clarke F. Ahlers (Sharon E. Haynie, on brief), Columbia, for appellee.

Argued before WILNER, BISHOP and ROBERT M. BELL, JJ.

BISHOP, Judge.

Nationwide Mutual Insurance Company (Nationwide) appeals from an Order of the Circuit Court for Baltimore County (DeWaters, J.), which denied its request for an

interlocutory injunction and its motion for partial summary judgment. Nationwide raises two questions:

I.   Whether the lower court erred when, relying solely on a Georgia case and without any consideration of controlling Maryland law, it found that Nationwide's restrictive employment covenant could not be enforced and, therefore, denied the request for an interlocutory injunction?   and

II.   Whether this Court should exercise its pendant jurisdiction and reverse the lower court's denial of Nationwide's motion for summary judgment on the breach of contract count?

## FACTS

On May 14, 1984, appellee, Robert Hart (Hart), joined Nationwide as an employee-agent and began in-service training in Nationwide's New Agent Development Program. When he was hired, Hart signed an Agent's Employment Agreement (the Agreement) which described the terms of his employment and contained the restrictive covenant that is at issue in this case.[1]   Paragraph 11 of the Agreement provided:

Agent agrees that he/she will not, either directly or indirectly by and for himself or as agent for another or through others as agent, engage in or be licensed as an agent, solicitor, representative or broker in any way connected with the sale, advertising or solicitation of fire, casualty, health or life insurance in the area described below for a period of one year from the date of the voluntary or involuntary termination of employment with the Companies or, should the Companies find it necessary by legal action to enjoin Agent from competing with Companies, one year after the date such injunction is obtained in the following area:   Within twenty-five miles of the principal place of business located at 6910 York Road, Baltimore, Maryland.

---

1.   The Agreement was renewed on July 1, 1985 with the same restrictive employment provisions.

Paragraph 12 of the Agreement provides that if the covenant contained in Paragraph 11 is unenforceable in any jurisdiction, the agent agreed to "refrain from further solicitation or servicing of policyholders of [Nationwide] and from interfering in any way for a period of one year with existing policies and policyholders in the geographical area described in Paragraph 11 or such other period being the longest permitted by law less than one year."[2]

Hart resigned from Nationwide on March 31, 1986, and on that day he began working for a competing insurance firm, Grau & Associates, Inc. (Grau).[3] After he resigned, Nationwide wrote to Hart and reminded him of his obligations under the non-competition clauses and informed him that Nationwide would enforce the Agreement if necessary.[4] Soon after he began working for Grau, Hart sent a letter to some of his former Nationwide customers informing them of his new association with Grau. The letter read as follows:

I just want to notify you that I have found it best for my clients that I become an independent agent. For this reason, you will not be able to find me at Nationwide. However, I certainly would hope to hear from you if I can be of any service to you. I currently represent several companies in all lines of insurance, and have found that the competitive rates available put me in a better position to provide my clients with the coverage they need at more affordable prices.

It is undisputed that during the one year period following Hart's resignation, Hart sold insurance to six former Nationwide clients.

---

**2.** Nationwide provides no explanation in its brief as to why it failed to call Paragraph 12 to the trial court's attention.

**3.** Grau is located within the 25 mile radius described in the restrictive covenant contained in paragraph 11 of the Agreement.

**4.** The first letter, dated April 1, 1986, was from Nationwide's Regional Sales Manager. The second letter, dated April 2, 1986, was from Hart's Agency Manager.

Nationwide filed suit alleging in its first count, that Hart had breached the restrictive covenant contained in Paragraph 11 of the agreement and in the second count, that Hart had tortiously interfered with the contractual relationship between Nationwide and some of its customers. Nationwide asked for an interlocutory injunction to restrain Hart during the pendency of the suit and for a partial summary judgment, both of which were denied by the circuit court. The court also denied Nationwide's motion for reconsideration. This appeal followed.

## I.

Four factors are to be considered in determining whether to grant or deny interlocutory relief. They are:

(1) the likelihood that the plaintiff will succeed on the merits;

(2) the 'balance of convenience' determined by whether greater injury would be done to the defendant by granting the injunction than would result from its refusal;

(3) whether the plaintiff will suffer irreparable injury unless the injunction is granted; and

(4) the public interest.

*Dept. of Transportation v. Armacost,* 299 Md. 392, 404–05, 474 A.2d 191 (1984) (footnote omitted) (citing *State Dept. v. Balt. County,* 281 Md 548, 554–57, 383 A.2d 51 (1977)). The burden of producing evidence to show the existence of these four factors is on the moving party.

[I]f the facts are not 'full and sufficiently definite and clear, in support of the right asserted, and that such right has been violated,' the court will not order preliminary relief.

*State Dept. v. Balt. County, supra,* at 554, 383 A.2d 51 (1977) (quoting *Baltimore v. Warren Mfg. Co.,* 59 Md. 96, 105 (1882)). The decision to grant or deny an injunction is within the discretion of the trial court and, unless that discretion has been abused, it will not be disturbed on

appeal. *Holiday Universal Club v. Montgomery Co.,* 67 Md.App. 568, 576, 508 A.2d 991 (1986).

Nationwide argues that the trial court abused its discretion because it denied injunctive relief without considering controlling Maryland law. Nationwide contends that the court considered only one of the four factors—likelihood of success on the merits—and failed to consider the other factors. Nonetheless, failure to show any one of the four factors is sufficient to preclude relief. *See generally Armacost,* 299 Md. at 405, 474 A.2d 191.

In the case *sub judice,* the court adopted the rationale of *Nationwide Mutual Insurance Co. v. Elder,* 240 Ga. 592, 242 S.E.2d 97 (1978), when it denied the motion for summary judgment and the request for the injunction. As in the *Elder* case, the court below found that the non-competition clause contained in Paragraph 11 involved "fragmented licensure" and was unenforceable because "to prohibit licensure in one area of Maryland prohibits licensure in all areas of the state." The non-competition clause at issue here contains the same language as the clause that was before the Georgia Supreme Court in *Elder.*

■ During the hearing on the injunction, the attorney for Nationwide told the trial judge that Nationwide was not seeking to prevent Hart "from a license anywhere within the State of Maryland" but that Nationwide sought "that he only be prohibited from *selling* insurance within a twenty-five mile radius" (emphasis supplied). Were it not for this concession, we would tend toward affirming the action of the trial court; however, with the concession, we come to the contrary conclusion. It was not necessary for the trial court to deny the injunction based on the *Elder* "fragmented license" principle. To prohibit the selling of insurance within a limited area is quite different from prohibiting licensure. The former clearly falls within the category of the type of service which may be the subject of restrictive agreements under Maryland law.

While the determination of enforceability depends on the facts and circumstances present in each particular case, a comparative examination of the cases in this State which have considered this issue indicates a consistency in the holdings of this Court. These decisions demonstrate that Maryland follows the general rule that restrictive covenants may be applied and enforced only against those employees who provide unique services, or to prevent the future misuse of trade secrets, routes or lists of clients, or solicitation of customers.

*Becker v. Bailey,* 268 Md. 93, 97, 299 A.2d 835 (1973) (citations and footnote omitted). Having reached this conclusion, we would ordinarily reverse and remand with direction that the court consider the matter based on the four-factor standard set forth in *Armacost;* however, we have an additional problem.

Hart terminated his employment with Nationwide on March 31, 1986, and therefore the one-year restriction in Paragraph 11 would terminate on March 30, 1987. That period has elapsed. Nonetheless, there is an extension of time "should [Nationwide] find it necessary by legal action to enjoin [Hart] from competing" to "one year after the date of the obtaining of the injunction". It is with the extension of time that we have difficulty.

In *Silver v. Goldberger,* 231 Md. 1, 6, 188 A.2d 155 (1963), the Court stated the following rule:

[R]estrictive covenants in a contract of employment ... will be sustained if the restraint is confined within limits which are *no wider as to area and duration* than are reasonably necessary for the protection of the business of the employer and do not impose undue hardship on the employee or disregard the interests of the public. (Emphasis added.)

*Accord Becker v. Bailey, supra* [268 Md.] at 96–97, 299 A.2d 835 (1973); *Gill v. Computer Equip. Corp.,* 266 Md. 170, 180, 292 A.2d 54 (1972); *Tuttle v. Riggs–Warfield–Roloson, Inc.,* 251 Md. 45, 49, 246 A.2d 588 (1968); *Ruhl v. Bartlett Tree Co.,* 245 Md. 118, 123–24, 225 A.2d 288 (1967).

■ The restrictive covenant contained in Paragraph 11, although reasonable as to area, is unreasonable as to duration because, as written, it restricts Hart's activities as an insurance salesman for "one year after the date [the] injunction is obtained", regardless of the date he terminates his employment and regardless of the date of the issuance of the injunction. Although restrictive covenants of one year or more have been upheld, the covenants in those cases went into effect on the date the employment contract was terminated, not some indefinite date in the future as in the situation presented here. *See generally Becker, supra* (2 years from termination of employment); *Tuttle, supra* (2 years from termination of employment); *Tolman Laundry v. Walker*, 171 Md. 7, 187 A. 836 (1936) (1 year from termination of employment).

■ Faced with such an overly broad covenant, the Court has the option to excise the unenforceable portion and to enforce the remainder. *See Tawney v. Mutual System of Maryland*, 186 Md. 508, 521, 47 A.2d 372 (1946); *Hebb v. Stump, Harvey & Cook, Inc.*, 25 Md.App. 478, 491–92, 334 A.2d 563, *cert. denied*, 275 Md. 749 (1975). Based on the foregoing, the offensive injunction provision in Paragraph 11 of the contract may be "blue-penciled" and the duration of the restriction is thereby limited to one year after the termination of employment. From this, it becomes clear that Nationwide's request for an injunction has been rendered moot by the passage of time since the one year period set out in the contract terminated on March 31, 1987. As the Court of Appeals has frequently said: ·

> [g]enerally, appellate courts do not decide academic or moot questions. A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide. Accordingly, an injunction should not issue if the acts sought to be enjoined have been discontinued or abandoned.

*Atty Gen'l v. A.A. Co. School Bus*, 286 Md. 324, 327, 407 A.2d 749 (1979) (citations omitted). *See also Bishop v. Gov.*

*of Md.,* 281 Md. 521, 524–25, 380 A.2d 220 (1977); *State v. Ficker,* 266 Md. 500, 506–07, 295 A.2d 231 (1972). An exception to the general rule exists "where there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern, which may frequently recur, and which, because of inherent time constraints, may not be able to be afforded complete appellate review". *School Bus,* 286 Md. at 328, 407 A.2d 749 and cases cited therein. No such exception is present here. Nationwide may still have a breach of contract claim, but it no longer has the right to seek an injunction.

In summary we hold: 1) that the provision in Paragraph 11 of the agreement by which the duration of the restriction may be extended beyond one year from the date of the termination of employment is unreasonable because it is potentially unlimited in duration; 2) that this unreasonable part of the agreement should be excised thereby limiting the duration of the restriction to one year from March 31, 1986; 3) that the one year period has expired and therefore the issue of whether an injunction should be issued is moot.

## II.

Nationwide admits that a denial of a motion for partial summary judgment normally is not an appealable final order *Picking v. State Finance Corp.,* 257 Md. 554, 557, 263 A.2d 572 (1970) (citing former Md.Rule 605 a, now Md.Rule 2–602(a)); *Ralkey v. Minnesota Mining & Mfg. Co.,* 63 Md.App. 515, 523, 492 A.2d 1358 (1985), but it asks that this Court exercise pendant jurisdiction and consider the denial of its summary judgment motion on the breach of contract count along with denial of the injunctive relief issue because the two issues are "inextricably intertwined", and "the merits of the case are fully developed by the record." Nationwide is correct in stating that federal courts often exercise pendant jurisdiction to consider an otherwise nonappealable order when it is inextricably bound with or closely related to an appealable order. *See Marathon Oil Co. v. United States,* 807 F.2d 759, 764 (9th

Cir.1986); *Palmer v. City of Chicago*, 806 F.2d 1316, 1318 (7th Cir.1986). Nonetheless, it admits that "Maryland courts have not expressly referred to or applied the federal court's pendant jurisdiction rule". We have found no authority to support our exercise of pendant jurisdiction. Even if we had such authority we would not exercise it here. *Cf.* Md.Rule 887 & 1087; *Snowden v. Baltimore Gas & Electric*, 300 Md. 555, 559–60, n. 2, 479 A.2d 1329 (1984).

APPEAL DISMISSED;

COSTS TO BE PAID BY APPELLANTS.