## CIRCUIT COURT OF LOUDOUN COUNTY

International Limousine
Service, Inc.

v.

Reston Limousine and
Travel Service, Inc.,
and Jeffrey Morris

May 3, 2005

Case No. (Chancery) 24816

BY JUDGE THOMAS D. HORNE

This matter came before the Court on April 29, 2005, on the pleadings formerly filed herein; upon the verified Bill of Complaint filed by the Complainant, International Limousine Service, Inc., upon the Complainants' Motion for a Preliminary Injunction; upon the various Affidavits filed by the parties; upon the written Briefs of the parties; and upon the arguments of counsel presented on said Motion.

Defendant, Jeffrey Morris, was hired by the Complainant on April 16, 1990, as the Operations Manager. He signed an agreement that contained a non-compete provision that would prevent him, for a period of one year from the date of his termination of employment, from:

On his own behalf or as a partner, officer, director, employee, agent, or consultant of any person or entity, directly or indirectly engage or attempt to engage in the business of providing services the same as or similar to the services of Employer, either:

(i) within a 75 mile radius of the principal office of Employer,

(ii) with or for any of the Employer's customers with whom the Employee did business during his Employment with Employer.

The Complainant's business serves "non-regular users, travelers, large institutions such as hospitals and colleges, and professional planners in the events and conventions industry, who regularly require transportation services for large groups." Morris "supervised and managed all aspects of International Limousine's business, including its sales, pricing, and overall operations." During his fourteen years with the Complainant, Morris "negotiated special rates and pricing structures with repeat customers" and developed close working relationships and goodwill with those clients. Morris was terminated by the Complainant on July 6, 2004. Subsequently, on November 3, 2004, Morris created his own consultation service, Signature Logistics, Inc., with a registered office in Glen Allen, Virginia. He provides "training in dispatch, greeting, contract management, quality control, and consultation in group movement." On March 21, 2005, Morris accepted a position as General Manager with Defendant Reston Limousine and Travel Service, Inc. ("Reston"). Morris' limited duties as General Manager were to conduct "employee training in the areas of dispatch, greeting/courtesy, and quality control; contract administration on the small business set-aside contracts; supervision of long term contracts (in effect for one year or longer); and consultation relative to Reston's coach vehicle operations." It should be noted that the Complainant does not provide any small business set-aside contracts.

Reston was made aware of the non-compete provision and maintained that the scope of Morris' employment did not breach the provision. On March 31, 2005, the Complainants sent Reston and Morris letters advising them that Morris was in violation of the non-compete provision. Following attempts to reach an agreement regarding his scope of employment with Reston, Morris resigned his position on April 19, 2005. On April 20, 2005, he entered into an Independent Contractor Agreement with Reston to provide "limited consulting services outside the scope of the covenant not to compete."

In granting a preliminary injunction, the Court must look to the following criteria: (1) the likelihood of success on the merits; (2) whether the petitioner is likely to suffer irreparable harm if the injunction is not granted; (3) whether the petitioner has an adequate remedy at law; (4) injury to the defendant if the injunction is granted; and (5) showing that

the injunction would not be adverse to the public interest. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977) (applying Virginia substantive law); *X Corp. v. John Doe*, 805 F. Supp. 1298 (E.D. Va. 1992).

In balancing the hardships between the parties, the Court finds that the hardship to the Complainant outweighs the hardship to Reston and Morris. If the injunction is not granted, the Complainant would face what is a reasonably foreseeable and potentially harmful economic advantage in favor of Reston and Morris. Contrariwise, Reston and Morris would be required, pursuant to their independent contractor arrangement, to refrain from little more than what Morris agreed not to do in the non-compete provision. Morris will be allowed to continue holding training sessions in so far as they do not involve any of the limousine services provided by the Complainant while Morris was in the Complainant's employ. Thus, small business set-aside contracts, since they were not included among the services rendered by the Complainant, would not be a prohibited service. In weighing the harm to the parties should the injunction be denied, it is to be noted that the non-compete provision will expire on July 6, 2005.

The hardship to the Complainant outweighs the hardship to Reston and Morris, therefore, applying *Blackwelder*, "the likelihood-of-success test is displaced by Judge Jerome Frank's famous formulation: 'It will ordinarily be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation'." *Blackwelder*, 550 F.2d at 195 (internal citations omitted). The five counts presented by the Complainant meet this formulation.

The non-compete provision is governed by the chosen Maryland law provision in the Agreement. Maryland law governing non-compete provisions is substantially similar to Virginia's law on the same.

> Restrictive covenants in a contract of employment . . . will be sustained if the restraint is confined within limits which are no wider as to area and duration than are reasonably necessary for the protection of the business of the employer and do not impose undue hardship on the employee or disregard the interests of the public.

*Nationwide Mutual Ins. Co. v. Hart*, 73 Md. App. 406, 412, 534 A.2d 999 (1988). While Virginia's public policy does not favor restrictive covenants, the instant non-compete provision is sufficiently limited to be

enforceable. It was aimed at protecting the confidential information that Morris had access to that would give an advantage to others providing limousine service in a highly competitive industry. In addition, there is a strong public interest in creating and maintaining a customer base, where customers' business and financial needs are met. This case is distinguishable from cases cited by Reston and Morris. In cases such as these, each will be decided on its own merits. The limousine industry is relatively small and is not controlled by any single limousine company, thus making the industry highly competitive. The affidavits support a finding that, since leaving the Complainant and contracting with Reston, Morris has solicited business from a customer of the Complainant.

The Court having considered the likelihood of the Complainant's success on the merits of its case, a balancing of the Complainant's irrevocable harm if the preliminary injunction is not granted and the Defendants' harm if it is granted, the availability of an adequate remedy at law and the absence of public rights being affected, the Court will order as follows:

1. The Defendant, Jeffrey Morris, is hereby enjoined from providing services similar to those provided by the Complainant, International Limousine Service, Inc., whether individually or on behalf of another person or entity, within a seventy-five mile radius of the Complainant's principal place of business, which is located at 2300 T Street, N.W., Washington, D.C. More specifically, the Defendant is enjoined from providing services in sales, pricing, and/or overall operations, including negotiating special rates and pricing structures, but excluding limousine services that are not provided by the Complainant during the course of Morris' employment.

2. The Defendant, Jeffrey Morris, is hereby enjoined from contacting, directly or indirectly, whether individually or on behalf of another person or entity, customers of the Complainant with whom Morris did business while employed by the complainant.

3. The Defendants, Jeffrey Morris and Reston Limousine and Travel Service, Inc., are enjoined from misappropriating the Complainant's trade secrets, including but not limited to customer lists, pricing methods, strategies, and marketing material.

The preliminary injunctions ordered herein shall become effective upon the Complainant's posting of a check or a bond with corporate surety in the amount of $1,000.00 with the Clerk of this Court in this cause, to be held by the Clerk and applied against any damages suffered by the Defendants, or either of them, as a direct result of the imposition

of this preliminary injunction, should the Court ultimately determine that the granting thereof was inappropriate. This cause is continued generally.