**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1346**

STEPHEN FRYE; NDEGE NDOGO, INC.; JULIE A. GRAF,

       Petitioners - Appellants,

    v.

WILD BIRD CENTERS OF AMERICA, INC.,

       Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:16-cv-03216-TDC)

Submitted: September 29, 2017               Decided: November 27, 2017

Before MOTZ and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Harry Martin Rifkin, LAW OFFICES OF HARRY M. RIFKIN, Baltimore, Maryland, for Appellants. Eric L. Yaffe, Whitney A. Fore, GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Frye, Julie A. Graf, and Ndege Ndogo, Inc. (collectively, "Appellants") appeal from the district court's order denying their petition to vacate an arbitration award entered in favor of Wild Bird Centers of America, Inc. ("WBCA") and confirming the award. We affirm.

Appellants entered into a 10-year franchise agreement ("the agreement") with WBCA to operate a Wild Bird Center store in Boulder, Colorado. Appellants did not renew the agreement and continued to operate the store past the agreement's expiration. Contending that Appellants were in violation of the agreement's two-year non-compete clause, WBCA submitted the matter to mandatory arbitration. Applying Maryland law as called for in the agreement, the arbitrator found in favor of WBCA and imposed an injunction prohibiting Appellants from violating the terms of the non-compete clause for two years from the date of Appellants' compliance.

We review the district court's denial of a motion to vacate an arbitration award de novo and its factual findings for clear error. *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010). "[O]ur authority to review the arbitration award[] at issue, like the authority of the district court to do the same, is substantially circumscribed." *Id.* (alteration and internal quotation marks omitted). "[T]he scope of judicial review for an arbitrator's decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Id.* (internal quotation marks omitted). "[N]either

2

misinterpretation of a contract nor an error of law constitutes a ground on which an award can be vacated," and "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* at 861, 862 (internal quotation marks omitted).

Before a reviewing court will vacate an arbitration award, "the moving party must sustain the heavy burden of showing one of the grounds specified in the Federal Arbitration Act . . . or one of certain limited common law grounds." *Id.* at 857. The statutory ground relevant here is "where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3) (2012). The relevant common law grounds for vacating are "where an award fails to draw its essence from the contract" and where "the award evidences a manifest disregard of the law." *MCI Constructors*, 610 F.3d at 857 (internal quotation marks omitted).

"[A]n arbitration award does not fail to draw its essence from the agreement merely because a court concludes that an arbitrator has misread the contract," but "only when the result is not rationally inferable from the contract," such as when "an arbitrator has based his award on his own personal notions of right and wrong." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 235 (4th Cir. 2006) (internal quotation marks omitted). "In such circumstances, a federal court has no choice but to refuse enforcement of the award." *Id.* (internal quotation marks omitted). "[A] manifest disregard of the law is established only where the arbitrator understands and correctly states the law, but

3

proceeds to disregard the same," such as "disregard[ing] or modif[ying] unambiguous contract provisions." *Id.* (brackets and internal quotation marks omitted).

Appellants first claim that the arbitrator manifestly disregarded the law, exceeded his powers, and failed to draw the award's essence from the agreement. This is so, they argue, because the non-compete clause did not apply here, where the agreement had "expired," and the clause only applied upon the agreement's "termination."

We conclude that Appellants fail to show the district court erred in confirming enforcement of the non-compete clause. Appellants' claims do not extend beyond alleging that the arbitrator misinterpreted the agreement. *See MCI Constructors*, 610 F.3d at 861. Appellants do not argue that the arbitrator "based his award on his own personal notions of right and wrong" or that he correctly stated the law but then disregarded it. *See Patten*, 441 F.3d at 235. Because the non-compete clause itself states that it applies "after termination," while a later section states that the non-compete clause applies "[i]n the event of termination or expiration of this Agreement for any reason," the provisions are at worst ambiguous, and at best, support WBCA's position. Therefore, the arbitrator's application of the non-compete clause did not disregard or modify unambiguous contract provisions and thus meets the "arguable" standard. *See Patten*, 441 F.3d at 235 (noting that arbitrator who modifies or ignores unambiguous provisions of contract acts in manifest disregard of law); *MCI Constructors,* 610 F.3d at 857 ("As long as the arbitrator[] [is] even arguably construing or applying the contract, . . . [the] award[] will not be disturbed." (internal quotation marks omitted)). Further, any failure of the arbitrator to construe ambiguous terms in the agreement against WBCA—the

4

drafter—would not warrant vacating the award. *See MCI Constructors*, 610 F.3d at 861-62.

Citing *Nationwide Mutual Insurance Co. v. Hart*, 534 A.2d 999 (Md. Ct. Spec. App. 1988), and *PADCO Advisors, Inc. v. Omdahl*, 185 F. Supp. 2d 575 (D. Md. 2002), Appellants next contend that even if the non-compete clause applied, the arbitrator's extension of its terms to 24 months from compliance should be vacated because it does not draw from the essence of the agreement, manifestly disregards the law, and exceeds the arbitrator's authority.

We conclude that Appellants fail to demonstrate circumstances warranting vacating the injunction. In *PADCO*, applying Maryland law, the district court imposed a permanent injunction that accounted for periods of noncompliance with non-compete provisions on the grounds that "[i]t is reasonable for PADCO to expect the full twenty-four months of non-competition to which it is entitled." 185 F. Supp. 2d at 578. *Nationwide* is distinguishable because it concerned a preliminary injunction and non-compete restrictions with a much more indefinite term. 534 A.2d at 1000, 1002-03. Thus, we find that the arbitrator was "arguably construing or applying the contract and acting within the scope of his authority" in extending the non-compete period to account for Appellants' noncompliance. *See MCI Constructors*, 610 F.3d at 861-62 (internal quotation marks omitted).

Appellants also fail to show that the arbitrator "based his award on his own personal notions of right and wrong" or "underst[ood] and correctly state[d] the law, but proceed[ed] to disregard the same." *See Patten*, 441 F.3d at 235 (internal quotation

5

marks omitted).  While Appellants argue that the injunction is indefinite and improperly extends the non-compete period, unlike the indefinite term in *Nationwide*, the term here is limited to two years, and Appellants have not shown prejudice from the extension because they have yet to cease operating the same sort of business they did as a WBCA franchisee.  Appellants' argument that the arbitrator disregarded unambiguous terms and imposed a longer compliance period than contracted for is unavailing because the parties bargained for two years of compliance.  *See PADCO*, 185 F. Supp. 2d at 578.  Further, Appellants fail to point to any authority to support their assertion that WBCA was required to seek a temporary restraining order or preliminary injunction in order to obtain an extension of the non-compete period.

Finally, to the extent that Appellants seek to raise new claims on appeal regarding the arbitrator's alleged failure to rule on whether certain aspects of their store's operation violate the agreement, they fail to demonstrate exceptional circumstances warranting consideration of these claims.  *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) ("[A]bsent exceptional circumstances, we do not consider issues raised for the first time on appeal." (ellipsis omitted)).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6